CULPEPPER, Judge.
Hampton Reed is the fire chief and George McDaniel the assistant fire chief of the Fire Department of the City of Ville Platte. Both held classified positions under Civil Service rules. They attack the legality of a rule change by the Ville Platte Municipal Fire & Police Civil Service Board, changing these positions from the classified to the unclassified service. The district judge found the action of the Board to be illegal and of no effect for lack of the 30-day notice required by LSA-R.S. 33 :2538 for the hearing at which the Board’s rule was changed. Defendant appealed.
The substantial issue is whether the Board’s action is void for lack of the notice required by statute for the hearing.
The facts show that after the adoption of Act 282 of 1964 (LSA-R.S. 33 :2531 et seq.) providing mandatory Civil Service for certain employees in all municipalities having a population of not less than 7,-000 nor more than 13,000, a Civil Service system was established in the City of Ville Platte for the Fire and Police Departments. And the Ville Platte Municipal Fire & Police Civil Service Board was created. On November 12, 1965 the Board adopted a classification plan, pursuant to its rule-making power, under which the positions of fire chief and assistant fire chief were included in the classified service.
The plaintiff, Hampton Reed, has served as fire chief and George McDaniel as assistant fire chief since the date these positions became part of the classified service.
At a meeting held on September 23, 1971 the defendant Board took the following action:
“Upon review of the Civil Service Laws and opinion of the Attorney Generals’ *926 Office, (as per letter of June 8, 1971) it is the unanimous decision of the Ville Platte Civil Service Board that Fire Chief and Assistant Fire Chief are not covered under the Civil Service Act 282 and the Volunteer Fireman are entitled to their annual election of officers— (ie) Fire Chief, Assistant Fire Chief and Captains.”
No 30-day notice of the meeting on September 23, 1971 was given to the plaintiffs or any other interested parties, in compliance with LSA-R.S. 33:2538.
On September 28, 1971 the Board held another meeting at which plaintiffs were present and protested the prior action. The Board reaffirmed their decision of September 23, 1971.
The principal attack on the Board’s action is that there was no compliance with the requirements for 30-day notice set forth in LSA-R.S. 33:2538 which reads in pertinent part as follows:
“Each board may adopt and execute rules, regulations and orders necessary or desirable effectively to carry out the provisions of this Part, and shall do so when expressly required by this Part. No rule, regulation or order shall be contrary to or in violation of any provisions, purpose or intent of this Section or contrary to any other provisions of lajw. The hoard may amend or repeal any ride or part thereof in the same manner provided herein for the adoption of the rule, (Emphasis added)
“A board may adopt any rule, either in its proposed or revised form, after holding a public hearing at which any officer or employee of the government of which the fire or police service is a part, and any private citizen and the state examiner shall be given an opportunity to show cause why the proposed rule or amendment, or any part thereof, should not be adopted. Before the board holds this public hearing, it shall furnish at least thirty days notice in advance of the date, time and place therefor to the mayor, commissioner of public safety, and any other municipal commissioner 'whom the rule may in any way affect, or the parish governing authority or fire protection district governing authority having jurisdiction over the fire or police service, and to the chief and each station of the departmental services to be affected by the adoption of any such rule, and to the state examiner. A copy of all proposed rules to be- discussed at any hearing shall be furnished with all notices. Each notice and copy of proposed rule furnished the various stations of the fire and police departments shall be posted upon the bulletin board of each station for a period of at least thirty days in advance of the hearing.”
Under these statutory provisions the Board had the authority to change the positions of the fire chief and assistant fire chief from the classified to the unclassified service. But the statute clearly provides that the amendment or repeal of any rule or part thereof must be in the same manner provided for the adoption of a rule. Hence, the notice required by LSA-R.S. 33:2538 was necessary. Defendants admit there was no compliance with the requirements for notice. The trial judge correctly found the Board’s action illegal and of no effect.
Defendant argues that since plaintiffs were actually present, and were allowed to state their protest, at the subsequent meeting held on September 28, 1971, they waived their right to notice and are estopped from attacking the validity of the Board’s action. The case of State ex rel. Williams et al. v. East Baton Rouge Parish School Board, 36 So.2d 832 (La.App. 1st Cir. 1948) held that where certain school bus operators were given written notice of the hearing of charges of willful neglect of duty and were actually present at the hearing, they waived the statutory requirement that notice be *927 given 15 days in advance. That case is distinguished from the present matter since it involved a hearing for the removal of certain tenured employees of the School Board. Only the employees against whom the charges had been filed had any inter7 est in the proceedings. Actual notice, followed by their presence at the hearing, was held to be sufficient. In the present case, we are not concerned with a hearing for the removal of plaintiffs from the classified service. This hearing was called to change the Board’s r.ules... Thirty day notice is required not only to the plaintiffs who held the positions to be declassified, but also to “the mayor, the commissioner of public safety, and any other municipal commissioner whom the rule may in any way affect, or the parish governing authority, or fire protection district governing authority having jurisdiction over the fire or police service, and to the chief and each station of the departmental services to be affected by the adoption of any such rule, and to the state examiner.” Copies of the proposed rules or changes in the rules must be furnished with the notices. These statutory requirements for notice were not waived by the mere presence of the two plaintiffs at the hearing.
The defendant Board urges that in the event we affirm the trial court decision, we should at least amend the judgment to make it clear that the Board is not enjoined from calling a future hearing, with proper notice, to change the rules in question. The district court judgment decrees the Board’s actions of September 23, 1971 and September 28, 1971 to be illegal and of no effect. Then the judgment states: “It is ordered, adjudged and decreed that the said Board be and the same is hereby enjoined and prohibited from declaring Hampton Reed and George McDaniel as not being under the provisions of R.S. 33:2531, et seq.” This paragraph could possibly be construed to prohibit a future hearing. The judgment must therefore be amended to delete the quoted paragraph.
For the reasons assigned, the judgment appealed is amended so as to delete therefrom the following paragraph:
“It is ordered, adjudged and ¡decreed that the said Board be and the ‘same is hereby enjoined and prohibited from declaring Hampton Reed and George McDaniel as not being under the provisions of R.S. 33:2531, et seq.” As amended, the judgment is affirmed. All costs of this appeal are assessed against thej defendant appellant.
Affirmed, as amended.