436 So.2d 667 (1983)
Joseph P. DORIGNAC, Jr., Joseph P. Dorignac, III, Louis J. Roussell, III, and the Fairgrounds Corporation
v.
The LOUISIANA STATE RACING COMMISSION.
No. CA-0754.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1983.
*668 Herschel C. Adcock, Martha S. Hess, Adcock, Dupree, Shows & Clegg, Baton Rouge, Louie J. Roussell, III, New Orleans, for plaintiffs-appellees.
William J. Guste, Jr., Atty. Gen., Robert A. Barnett, Staff Atty., John E. Jackson, Jr., Asst. Atty. Gen. and Atty. for La. State Racing Com'n, New Orleans, for defendant-appellant.
Before GULOTTA, GARRISON and KLEES, JJ.
KLEES, Judge.

FACTS
This case emanates from the adoption of Rules of Racing LAC 11-6:25.35 by the Louisiana State Racing Commission.
The rule states:
"No owner or trainer shall enter, or cause to be entered, a horse to race at a track of an association in which he has a direct or indirect financial interest."
After the rule was adopted but before its effective date, the Fair Grounds Corporation and others sought a declaratory judgment from the Racing Commission on the validity of the rule. The Commission found that the adoption of the rule was a valid exercise of its statutory authority and that the rule was adopted in accordance with law.
On November 22, 1982, Joseph P. Dorignac, Jr. (and others) filed a petition for injunctive relief, alleging that the rule was invalid because it had not been adopted in accordance with law. Pursuant to the petition, a temporary restraining order was issued enjoining enforcement of the rule.
The Racing Commission filed a motion to vacate the order, but on December 20, 1982, the trial court issued a preliminary injunction enjoining enforcement of Rules of Racing, LAC 11-6:25.35. The Racing Commission now appeals the judgment of the trial court.

ISSUE
The single issue in this case is whether Rule of Racing LAC 11-6:25.35 was validly adopted by the Racing Commission. The trial court found that it was not and we agree and affirm its decision.
The Louisiana State Racing Commission is mandated by La.R.S. 4:197 to promulgate its rules in accordance with the Administrative Procedure Act.
La.R.S. 49:953 outlines the procedure for the adoption of a rule by an agency governed by the Act. La.R.S. 49:953 states in pertinent part:
A. Prior to the adoption, amendment, or repeal of any rule, the agency shall: (1) Give at least fifteen days notice of its intended action. The notice shall include a statement of either the terms or substance of the intended action or a description of the subjects and issues involved; a statement, approved by the Legislative *669 Fiscal Office, of the fiscal impact of the intended action, if any; or a statement, approved by the Legislative Fiscal Office, that no fiscal impact will result from such proposed action; a statement, approved by the Legislative Fiscal Office, of the economic impact of the intended action, if any; or a statement, approved by the Legislative Fiscal Office, that no economic impact will result from such proposed action; the name of the person within the agency who has the responsibility for responding to inquiries about the intended action; and the time when, the place where, and the manner in which interested persons may present their views thereon. The notice shall be published at least once in the Louisiana Register. Notice of the intent of any agency to adopt, amend or repeal any rule and the approved fiscal and economic impact statements, as provided for in this Subsection, shall be mailed to all persons who have made timely request of the agency for such notice, which notice and statements shall be mailed at the earliest possible date, and in no case later than the date when the proposed rule change is submitted to the Louisiana Register. For the purpose of timely notice as required by this Paragraph, the date of notice shall be deemed to be the date of publication of the issue of the Louisiana Register in which the notice appears, such publication date to be the publication date as stated on the outside cover or the first page of said issue. (emphasis added)
When the Racing Commission published its initial notice of its intent to adopt LAC 11-6:25.35, the full text of the rule did not appear in the Louisiana Register. The notice of intent did not contain the terms or substance of the intended action. Furthermore, the notice of intent did not give a description of the subjects and issues involved.
The complete entry of notice which was printed in the November 20, 1981 issue of the Louisiana Register read as follows:

NOTICE OF INTENT

Department of Commerce

Racing Commission
The Louisiana State Racing Commission does hereby give notice in accordance with law that it intends to adopt a new rule, LAC 11-6:25.35.
Copies of the Rule LAC 11-6:25.35 may be obtained by telephoning the commission at Area Code 504, 568-5870 or by writing to 616 Baronne Street, Second Floor, New Orleans, Louisiana 70113.
The office of the Commission will be open from 9 a.m. to 4 p.m. and interested persons may call Alan J. Le Vasseur during this time, holidays and weekends excluded for a copy of this rule. All interested persons may submit written comments relative to this rule through December 4, 1981.
 J. Melton Garrett
 Chairman
La.R.S. 49:954(A) provides in relevant part:
"No rule adopted on or after January 1, 1975, is valid unless adopted in substantial compliance with this Chapter."
We view "substantial compliance" to mean that this court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.
The primary purpose of the procedure set forth in La.R.S. 49:953 is to insure that all interested parties are made aware of or have notice of any proposed rule which may be adopted. The mere recitation of the Racing Commission that "it intends to adopt a new rule, LAC 11-6:25.35", does not, in this courts mind, comprise "a statement of either the terms or substance of the intended action or a description of the subjects and issues involved."
In this particular case, we are not unmindful that the appellees were aware that the Racing Commission was considering the *670 rule for adoption. The appellees also participated in the meetings of the Racing Commission and voiced their opposition to the rule.
Nonetheless, the proposed rule did not solely affect the appellees. The rule change literally affected hundreds of individuals. Notice is required to all whom the rule may in any way affect. (See Reed v. Ville Platte Fire and Police Municipal Board, 263 So.2d 924, 927 (La.App. 3rd Cir. 1972).
The trial court concluded that the notice of intent as printed in the Louisiana Register did not substantially comply with the notice requirements of La.R.S. 49:953 and therefore held that the rule was void ab initio.
The trial judge in articulating his reasons for judgment stated:
"... the State Racing Commission in adopting the rule ... did not state the subject matter of the proposed rule. It was absolutely void of any description of the rule that was to be adopted... Our search of the jurisprudence does not lead us to a single case which gives validity to [the] procedure... The word `notice' is a word of art and as such must be complied with to at least a reasonable degree."
We agree with the trial judge that the notice published by the Racing Commission did not substantially comply with the provisions of La.R.S. 49:953 and accordingly affirm his decision.
For the foregoing reasons the judgment appealed from is hereby affirmed. All costs to be borne by appellants.
AFFIRMED.