Dear Ms. Hunt:
You have requested a supplementary opinion in this matter to reconsider several presumptions of fact in the original opinion as well as two interpretations of law contained therein. Your basic concern is whether the emergency rule and the contracts let thereunder are valid, and whether the permanent rule, intended to be effective on or about June 20, 1990, is lawfully adopted.
 NOTICE OF INTENT
The procedure for an emergency rule is stated by R.S.49:953B(1). This procedure when properly invoked upon one of the two (2) substantive grounds stated by that subsection is exempted from the general and fundamental requirements of the Administrative Procedure Act. These are to give fair notice to the public and an opportunity to be heard at a fair hearing, public purposes inherently safeguarded in the legislative process but which must be mandated by law in the executive equivalent of rulemaking. Because the emergency rulemaking process is extraordinary precisely because it dispenses with these fundamental safeguards of notice and hearing, the substantive grounds for its exercise are to be interpreted stricti juris,
and the factual basis for the grounds are the burden of the agency promulgating the emergency rule, and are not presumed from a simple statement or conclusion by the agency that the grounds for an emergency rule are present.
However when these grounds are present, and are properly noticed, R.S. 49:953B (1) grants discretion to the rulemaker to file such abbreviated notice as is deemed proper concurrently with the promulgation of the emergency rule. The rulemaker therefore does not have to conform with the several requirements of P.S. 49:953A for a valid emergency rule to *Page 2 
issue; the notice required is governed by R.S. 49:953 (B)(1). Whatever inconsistency exists between the notice of intent issued by your office and R.S. 49:953A with regard to the permanent rule is irrelevant to the validity of the emergency rule, which is judged by different standards.
The original opinion stated that the typed notice of intent, provided with the opinion request, for the proposed rule by GOEA on service procurement did not include the fiscal impact statement or the economic impact statement required by R.S.49:953A(1)(a)(ii) and (iii). This statute does not require simply that such statements be "issued and made publicly accessible, nor authorize them to be stapled or clipped to the notice of intent. It mandates ("The notice shall include") that the fiscal and economic impact statements be included in the text of the notice of intent. The only means of determine whether notice of these impact statements was given simultaneously with the notice of intent to promulgate the rule is if the impact statements are actually incorporated within the formal notice of intent. That is the reason that R.S. 49:953A requires their incorporation into the notice of intent. Anyone reading a Section 953A notice of intent is entitled to infer that no impact statements as required by law were in fact obtained if they are not reproduced in the notice of intent. That is precisely what this writer concluded after reading the notice of intent for GOEA's proposed rule, and being unable to locate a Louisiana Register effecting the publication of same. The notice of intent is intended to be a self-contained document, containing all necessary information mandated by the statute to constitute the requisite legal notice.
Although fiscal and economic impact statements were in fact obtained by GOEA, they were not included in the notice of intent for the promulgation of the proposed rule on service procurement. This violation of R.S. 49:953A, which is a mandatory rather than permissive rule of law for agency rulemaking, results in a procedural defect in the adoption of this proposed rule by GOEA.
The legal effect of the violation of the statute must be evaluated in the context of the statutory purpose. The procedure effected by the Administrative Procedure Act is intended to provide an executive facsimile of the type of notice and hearing and public participation traditionally observed in the lawmaking process of the legislative branch of government. The legal incorporation of these safeguards into the rulemaking process restrains arbitrary, capricious or abusive exercises of power by executive officers and agencies. *Page 3 
Notice to the public has been stated to be the core safeguard; a hearing facilitates notice, as well as an opportunity for public response. Dorignac v, Louisiana StateRacing Commission, 436 So.2d 667 (La.App. 4th Cir. 1983).
Although GOEA deviated from the correct procedure, it did obtain the required fiscal and economic impact statements, and did distribute those impact statements with the notice of intent. The combined impact statements were published in the Louisiana Register adjacent to the notice of intent, and clearly identified with it. The public notice contemplated by the APA, although presented in a procedurally defective way, does appear to have been substantially effected.
Further, although GOEA's compliance with the statute was imperfect in two particulars, the record indicates that it acted in good faith in attempting to comply with the law. What mistakes were made in promulgating the permanent rule were not a subterfuge to subvert the intent of the law to afford notice and hearing to the public. A notice of intent was filed. impact statements were prepared and obtained, and a hearing was held. The procedural error in the preparation of the notice of intent is de minimus non curat lex, and does not invalidate the permanent rule on service procurement.
The rule on service procurement effective June 20, 1990 was lawfully adopted.
 VALIDITY OF EMERGENCY RULE
There is no justifying context to excuse the emergency rule as de minimus.
Just as the conclusion of the original opinion, that the law requires the fiscal and economic impact statements to be incorporated into the R.S. 49:953A notice of intent, has been reaffirmed, the conclusion that the emergency rule was improvidently promulgated due to its noncompliance with the provisions of R.S. 49:953B(1) is likewise reaffirmed. The nature of the error in the emergency rulemaking, however, invalidates the emergency rule as null and void ab initio.
While R.S. 49:953B(1) dispenses the executive entity from promulgating a notice of intent with the required content for the permanent rule, it also has special requirements of its own. It requires that the extraordinary procedure of emergency rulemaking can only be undertaken on one of two grounds: (I) an imminent
peril to the public health, safety or welfare or (2) theimminent imposition of federal sanctions or penalties. *Page 4 
The public policy norm of the APA is the deliberate rulemaking procedure of R.S. 49:953A, with its features of notice, hearing and public participation. Emergency rulemaking is the extraordinary exception to this norm, in that the executive agency unilaterally dispenses with the same legal requirements and safeguards for administrative rulemaking.
The notice of intent to promulgate the emergency rule must justify its grounds. It must memorialize the grounds for the departure from the legislatively preferred procedure. Emergency rulemaking is not an alternative to the procedure of R.S 49:953A; it is an anomalous mode of executive action justified only by two narrow sets of circumstances stated in R.S. 49:953B(1).
Hence, for an emergency rule to have legal effect, the notice must state facts which if presumed true would constitute prima facie proof of one of the two grounds for emergency procedure under R.S. 49:953A. A legal conclusion that there is an imminent peril to public health, safety and welfare will not suffice; the notice must state facts which if presumed true would establish the nature and existence of such peril. This failure is the first problem with the emergency rule.
The second is the failure of GOEA to properly interpret imminent. The facts stated in the emergency notice must reflect that one or both of the two harms which justify emergency rulemaking under R.S. 49:953B(1) will occur before regular rulemaking by normal procedure can result in an amelioration of the crisis. If there is no risk of federal sanctions being imposed before regular permanent rulemaking can be completed, with its full notice, hearing and public response facets, there is no legal cause for an emergency rule. The emergency rule is intended only to prevent one or both harms, peril to health, etc. or sanctions, from occurring before a regular rule can be adopted.
An emergency rule is not a routine procedure for an executive agency to adopt to "fill the gap" until a regular rule is adopted. There must be an emergency, which must be factually described in the notice and must conform to the two types of legal emergencies for which R.S. 49:953B(1) exclusively authorizes emergency rulemaking. For this reason an emergency rule has no legal validity unless it states facts which constitutes grounds under the statute. These facts are presumed true (prima facie) but through their inclusion in the notice the emergency rule must be self-justifying. *Page 5 
This conclusion does not restrict GOEA's ability to avoid federal sanctions. Rather, it simply calls GOEA to obey the law.
 LOUISIANA AGING ADVISORY BOARD
You are correct that the original opinion inadvertently used a legal term of art, advice and consent, to describe the role of the Louisiana Aging Advisory Board viz-a-viz the issuance of rules by the GOEA. The Board has an advisory role only. The material you have furnished reflecting that the Board was noticed of the rule change and invited to the public hearing to offer its advice and response substantiates that LSA-R.S. 46:934 was complied with in the administrative procedure by GOEA.
 CONTRACTS
Without knowing the particulars of each contract issued under the emergency rule, an opinion as to whether their legal validity has been compromised by the invalidity of the emergency rule itself is inapposite.
One may reflect, however, that such contracts, if adversely affected by the invalidity of the emergency rule, may suffer only a relative nullity of consent which may be readily cured by ratification of one or both of the parties to your contract.
GOEA's regular counsel has been afforded an opportunity, as is the regular practice with opinions in the Department of Justice, to review and criticize both the original and this supplementary opinion before they were issued. He is the appropriate person to direct questions to regarding the validity of contracts.
Trusting this to be of sufficient information, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: CHARLES J. YEAGER
Assistant Attorney General
CJY:tm
OPINION NUMBER 93-689
November 10, 1993
 64-2 LA ADMINISTRATIVE PROCEDURE ACT R.S. 49:953; R.S. 26:793(A)
The notice of intent for the adoption of emergency rule under the Administrative Procudures Representative Randall E. Roach Act must state facts which when District 36 presumed true establish grounds P.O. Box 4983 for the issuance of an emergency Lake Charles, LA 70606 rule.