BRUNOT, J.
 

 This is a suit for an injunction to restrain defendant from changing the location of two columns supporting the roof of leased premises. From a judgment perpetuating the injunction the defendant has appealed.
 

 
 *1009
 
 The plaintiff owns and. leased to defendant certain property at the corner of Magazine and Joseph streets, in the city of New Orleans, for a term of ten years, at a rental of $150 per month, and contracted to erect thereon an oil station. One of the provisions of the lease is as follows: ,
 

 “The lessee hinds itself to make no alteration to said premises,
 
 to put nothing thereon which would forfeit the insurance; to make no sublease, nor transfer said lease in whole or in part, nor use the premises for any other purpose than that herein contemplated,
 
 without the written consent■ of the lessor."
 
 (Underscoring by the court.)
 

 When the building was completed it was occupied by the lessee, who conditcted business therein for about one year, when it undertook, over the protest of the lessor, to change the location of two large columns which served to support the roof and overhanging shed in the front of the building. The lessor thereupon filed this suit.
 

 The defense to the suit is that, by a verbal agreement, the lessee was given the right to change the location of the columns and oil pumps if, during its occupancy of the building, it desired to do so. It is not pretended that such an agreement was made with the lessor. The testimony offered by the defendant is to the effect that it was made with the lessor’s son, who acted for his mother as her authorized agent.
 

 The lessor testified that she attends to all of her business; that she made the contract for the erection of the leased building; that the plans and specifications of the building were submitted to her by Mr. Young, the contractor; that she was on the premises every day while the building was being erected; that she gave some instructions to the contractor and questioned him about the work as it progressed; that her son was not her agent and that he did not, at any time, represent her in this or any other business transaction in which she was interested. The lessor’s testimony is corroborated by her son and, in so 'far as it relates to the contract for and the building of the oil station, it is also corroborated by Mr. Young, the contractor.
 

 Three witnesses testified for the defendant, viz., Mr. Paciera, his brother, and' Mr. Beck, the president, vice president, and secretary of the defendant company. The-testimony of these witnesses is', in substance, that plaintiff’s son acted as if he was the-lessor’s agent; that he called upon Mr. Paciera after the building was completed and wanted to know why defendant had not occupied the building, stating that he desired the rent to-commence; that Mr. Paciera demurred to taking the building for the reason that the location of the columns in front of it were an obstruction to the safe ingress- and egress of cars from the station; that the lessor’s son immediately agreed that if they would occupy the station immediately the matter of the posts could be adjusted at a future date, and, if the posts proved to be an obstruction, they could be removed or the corner of the adjacent building could be cut away, and, with this understanding, the defendant accepted the building and occupied it. The lessor’s son denies every word of this testimony, but evidence which was given by him in another suit was offered for the purpose of rebutting his statements, and we are convinced that he was mistaken. But, be-this as it may, the burden is upon the defendant to show, by a preponderance of the evidence, any modification of the written contract or any agreement made subsequent to its confection which affects any of its provisions. The lease provides that no alterations or changes in the building shall be made without the written consent of the lessor. It is not pretended that the lessor’s son had an interest in the property or that the lessor consented to any change being made therein,-and there is positive proof that lessor’s son was not her agent.
 

 
 *1011
 
 If all that defendant’s witnesses testified to be conceded, it merely shows that they were imposed upon by lessor’s son, acting without authority, and against his mother’s wishes.
 

 The judgment appealed from is correct, and it is affirmed at appella,nt!s cost.