298 So.2d 298 (1974)
Jimmy YOUNG, Plaintiff-Appellant,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, LICENSE CONTROL AND DRIVER IMPROVEMENT DIVISION, Defendant-Appellee.
No. 9890.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Rehearing Denied August 13, 1974.
*299 Sumpter B. Davis, III, Baton Rouge, for plaintiff-appellant.
P. Michael Maneille, Lake Charles, for defendant-appellee.
Before SARTAIN, BAILES and VERON, JJ.
SARTAIN, Judge.
Appellant, Jimmy Young, appeals from a judgment of the district court sustaining a peremptory exception of prescription of an order of the Department of Public Safety, License Control and Driver Improvement Division (Department). We affirm.
The record before us does not contain a transcript of the testimony or any affidavits, correspondence between the parties or other supporting data relative to the positions taken by the parties litigant. We are not favored with oral or written reasons from the district judge. However, considering the pleadings and the facts generally accepted by both parties in their briefs submitted to and oral arguments had before this court, we find the following chronology to be pertinent.
Appellant's driver's license was revoked by the Department under the authority of R.S. 32:414, upon receiving notice of appellant's second conviction of D.W.I. By formal request of appellant's counsel dated June 19, 1973, an administrative review was requested of the Department. This hearing was scheduled for and conducted on September 25, 1973. Under date of September 27, 1973, the Department reaffirmed its decision and refused to reinstate appellant's driving privileges. On September 28, 1973, a rehearing was requested. The Department, by letter dated October 10, 1973, advised appellant's counsel that the rehearing was denied. Appellant admits that notice of this rehearing was received by him on October 11, 1973. The petition for judicial review was filed in the district court on November 12, 1973.
It is the Department's contention that L.R.S. 32:414(E) provides for judicial review of any ruling of the department but such review must be taken within thirty days after a license has been suspended, cancelled or revoked, and that the pertinent date relative to the commencement of the thirty day prescriptive period commenced on September 27, 1973, when appellant was advised that the Department had declined to reinstate his license.
Appellant contends that the Department is subject to the provisions of L.R.S. 49:951 et seq. (Administrative Procedure Act) and that under L.R.S. 49:959 "a decision or order in a case of adjudication shall be subject to rehearing, reopening, or reconsideration by the agency, within ten days from the date of its entry" and prescribes the grounds for such action.
On September 28, 1973, appellant applied for a rehearing and by letter dated October 10, 1973, he was advised that his rehearing had been denied. Counsel for appellant argues that the notice of denial of rehearing was received by him on October 11, 1973, and, therefore, the thirty day period did not commence to run until the following day, October 12, 1973, and that his petition for judicial review filed on November 12, 1973, was timely.
*300 We are of the opinion that the following issues are presented for resolution: (1) is the Department subject to the provisions of L.R.S. 49:951 et seq. (Administrative Procedure Act), and if so, (2) when does the thirty day period within which to seek judicial review commence to run.
L.R.S. 49:951(2) provides that all state boards, commissions, departments or other officers authorized by law to make rules or to formulate and issue decisions and orders are agencies subject to the Act with the exception of those departments and agencies listed in R.S. 49:951(2)(c). The Department of Public Safety, License Control and Driver Improvement Division, is not listed as an exception to the Act. In our view, no other conclusion can be reached but that the Department is subject to the Administrative Procedure Act in the conduct of its business relative to hearings and the decisions and orders which result therefrom. Under the Administrative Procedure Act (L.R.S. 49:959) any decision or order in the case of adjudication "shall be subject to rehearing" within ten days from the date of its entry. Section 959(B) further provides:
If an application for rehearing shall be timely filed, the period within which judicial review, under the applicable statute, must be sought, shall run from the final disposition of such application.
Accordingly, we hold that the thirty day delay provided for in 32:414(E) must also be considered with the right accorded an aggrieved party to ask for a rehearing. L.R.S. 32:414(E) would govern in the event a rehearing is not asked for because the statute gives the option to the party to either petition for rehearing or seek immediate judicial review. If the latter course of action is pursued then, of course, the thirty day period provided for in L.R.S. 32:414(E) would be applicable. This is in accord with L.R.S. 49:964(B), which section reads as follows:
"§ 964. Judicial review of adjudication

* * * * * *
B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record."
Appellant admits that he received the Department's decision of its refusal to grant him a rehearing on October 11, 1973. The letter itself was dated October 10, 1973, and was obviously mailed on this latter date. Appellant argues that inasmuch as the notices of suspension and the refusal to grant him a rehearing were not mailed to him by certified mail as required by statute, then these notices are null and void and of no effect. We must disagree with this contention. The requirement that such correspondence be sent by certified mail is to assure the recipient of its receipt. However, where, as here, the recipient admits receipt of the notices and takes action thereon, then requirement of notice has been met and appellant is bound to adhere to the delays prescribed just as though he had received said notice by certified mail.
We now turn to the question of whether his appeal for judicial review was timely filed. Appellant argues that the thirty day delay within which he has the right to ask for judicial review did not commence to run until October 12, 1973. We believe this contention to be in error. L.R.S. 49:964(B) above, specifically provides that the commencement of the thirty day period commences on the day following mailing of notice of the final decision of the agency. Accordingly, the thirty day period began on October 11, 1973 and terminated on November 9, 1973.
The above quoted section is in accord with the general provisions relating to appeals *301 found in the Code of Civil Procedure, i. e., C.C.P. Articles 1974 and 2087.
Accordingly, for the above reasons, the judgment of the district court sustaining appellee's peremptory exception of prescription is affirmed at appellant's costs.
Affirmed.