325 So.2d 759 (1976)
Terry G. PRICE
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, LICENSE CONTROL AND DRIVER IMPROVEMENT DIVISION.
No. 10517.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
Nathan S. Fisher, Baton Rouge, for appellant.
James C. Dixon, Baton Rouge, for appellee.
*760 Before ELLIS, BLANCHE and LOTTINGER, JJ.
ELLIS, Judge.
Terry G. Price either pled guilty or forfeited bonds on some twelve moving traffic violations between 1971 and the latter part of 1973. As a result, and following an interview with a Mr. McCullogh, he was notified by letter dated December 17, 1973, from the Louisiana Department of Public Safety License Control and Driver Improvement Division that his driver's license was suspended for a period of five months. On January 10, 1974, Mr. Price requested an administrative hearing, which was conducted on February 18, 1974, by Kirby J. Bergeron. On August 15, 1974, Mr. Price was notified that the suspension of his license had been affirmed.
On April 18, 1975, this suit was brought asking for a preliminary, and, eventually, a permanent injunction to prevent the enforcement of the suspension order against Mr. Price. After a hearing on the rule for the preliminary injunction it was denied, and plaintiff has appealed. It is argued that the failure of the defendant Department to follow the provisions of the Administrative Procedure Act renders the suspension of plaintiff's license null and void.
The authority of the Department to suspend drivers' licenses is contained in R.S. 32:414. More particularly, R.S. 32:414, subds. D and E provide in pertinent part as follows:
"D. The department may conduct an investigation to determine whether the license shall be suspended, cancelled or revoked upon a showing by its records or other sufficient evidence that the licensee:

* * * * * *
"3. Has been convicted of such frequency of serious offenses against traffic regulations governing the movement of vehicles as to indicate a disrespect for traffic laws and a disregard for the safety of others;
"4. Is an habitually reckless or negligent driver of a motor vehicle; * * * * * *"
"E. Upon the conclusion of such investigation, the person holding such investigation shall prepare findings based upon the evidence received and considered. If the findings are to the effect that the person referred to herein is incompetent or is unfit to operate a motor vehicle upon any grounds upon which license may be refused, as stated in this Chapter, the department, upon a review of such findings, shall have authority to forthwith revoke the license of such person, or if the findings are to the effect that the person therein referred to has by reason of negligence or reckless driving endangered life, limb, or property or has thereby caused loss of life or injury to person or property, the department, upon a review of such findings, shall have power to suspend the license of such person for a period not to exceed six months, or may revoke such license, and in either event shall require that such license be surrendered to the department. For cause satisfactory to the department, it is hereby authorized to suspend, cancel, or revoke the license of any person for a period of not more than one year. Any person whose license has been suspended, cancelled or revoked by the department shall be notified of such suspension, cancellation or revocation in writing by the department, which notice shall be sent by certified mail to the last address furnished by such person; whereupon the said person shall within five days return his or her license to the department. The failure on the part of any person to comply with this provision shall be punishable as herein provided. Any person denied license or whose license has been suspended, cancelled or revoked shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish *761 in which the applicant resides, and such court is vested with jurisdiction to set the matter for hearing in open court upon ten days written notice to the department, and thereupon to determine whether the person is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this Chapter, and appeal from the district court may be taken to any court of competent appellate jurisdiction."
It is to be noted that the Department is not required to hold hearings or to give any notice to those being investigated of anything other than the suspension of their licenses. Due process requirements are met by the judicial review provided for in the foregoing statute. See State, Dept. of Public Safety, Drivers' Lic. Div. v. Moore, 311 So.2d 20 (La.App. 2 Cir. 1975).
R.S. 49:951, first article of the Administrative Procedure Act, provides, in part:
"As used in this Chapter:
"1. `Adjudication' means agency process for the formulation of a decision or order.

* * * * * *
"3. `Decision' or `order' means the whole or any part of the final disposition (whether affirmative, negative, injunctive, or declaratory in form) of any agency, in any matter other than rule-making, required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing, and including non-revenue licensing, when the grant, denial, or renewal of a license is required by the constitution or statute to be preceded by notice and opportunity for hearing."
In interpreting the foregoing provisions in First National Bank of Abbeville v. Sehrt, 246 So.2d 382 (La.App. 1 Cir. 1971), we said:
"The foregoing can only be construed to make the Act applicable only when a hearing is presently provided for by law. It does not create the right to a hearing when none is presently required. It provides the procedures to be followed when holding administrative hearings otherwise required by law."
As in the First National Bank of Abbeville case, supra, the hearings granted by the Department in this case go beyond what is required by the law. It need only give notice of the fact of the suspension of the license, and can do so without a hearing. We are, therefore, of the opinion that, although it is applicable to the Department of Public Safety, the Administrative Procedure Act does not create a right to a hearing when none is required by the appropriate law, R.S. 32:414, and the Department is not required to comply with its provisions in this situation.
In Young v. State, Dept. of Pub. Safety, Lic. C. and D. I. Div., 298 So.2d 298 (La. App. 1 Cir. 1974), in holding the procedural appellate provisions of the Act applicable to the Department, the court based its decision on the definition of the word "Agency". We agree, of course, that the Act is applicable to hearings which the Department is required by law to hold.
However, since the court in the Young case did not consider the issues raised in this opinion, or our opinion in the First National Bank of Abbeville case, supra, it cannot stand as extending the Administrative Procedure Act to cover proceedings under R.S. 32:414. To whatever extent the Young case conflicts with our holding herein, it is in error, and must be overruled.
In order to obtain a preliminary injunction, a plaintiff must make a prima facie showing that he would prevail on the merits of the case, and that he will suffer irreparable injury unless the injunction issues. Articles 3601 and 3609, Code of Civil *762 Procedure; Melancon v. Assumption Parish Police Jury, 231 So.2d 690 (La.App. 1 Cir. 1970).
Our review of the record and the applicable law leads us to the conclusion that plaintiff has failed in both of these respects. There is no evidence offered at all to show that plaintiff will be irreparably injured by the loss of his driver's license.
The judgment appealed from is therefore affirmed, at plaintiff's cost, and the case remanded to the trial court for trial on the merits.
Affirmed and remanded.