477 So.2d 780 (1985)
Joseph BONOMOLO, Jr., d/b/a Bonomolo Limousines, Carey of New Orleans
v.
HMC MANAGEMENT CORPORATION.
No. CA-4006.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1985.
*781 Charles E. Cabibi, Cabibi & Cabibi, New Orleans, for plaintiff-appellee.
George B. Recile, Metairie, for defendant-appellant.
Before SCHOTT, CIACCIO and BYRNES, JJ.
BYRNES, Judge.
This appeal arises out of a dispute between appellant, HMC Management Corp. (HMC) and Joseph Bonomolo d/b/a Bonomolo Limousines, Carey of New Orleans (Bonomolo), over certain provisions of a lease. In August 1977, HMC, which operates the Louisiana Superdome under a management contract with the State, leased space in the Superdome to Bonomolo, who operates a transportation service from the leased premises. The dispute in this case concerns the interpretation of Clause 5 of the lease which provides:
The leased premises shall be used only for the following purposes: Transportation services including, but not limited to sightseeing, vehicular tours, charter and individual vehicles for hire. Lessee shall have the sole and exclusive right for use and operation of this type of business within the Superdome premises. Such activities shall not conflict with rights of the Stadium Concessionaire. In the event of any dispute in this regard should arise between the Lessee and the Concessionaire, same shall be resolved by Lessor. The leased premises shall not be used for any unlawful purpose or in any manner that will damage or depreciate the same. (Emphasis added)
From time to time, HMC allowed various temporary tennants of the Superdome, such as trade shows, to arrange for companies other than Bonomolo's to set up booths offering transportation services to patrons. Bonomolo's contention is that this breached the exclusivity provision of Clause 5. The trial court agreed and issued a preliminary injunction without requiring bond. This appeal followed.
On appeal, HMC contends that clause 5 was only intended to prevent the leasing of permanent office space to other companies offering transportation services and was not intended to apply to temporary booths at trade shows. In support of this position, HMC introduced the deposition of Mr. Bonomolo and the testimony of an HMC employee. The trial court heard this evidence and concluded that:
... the terms of the lease are clear and unambiguous, and give to plaintiff the exclusive right to operate this type of business in the Superdome. It follows that any booths set up by competitors are in violation of plaintiff's lease.
We agree. Clause 5 does not define Bonomolo's rights in terms of permanent office space, rather it grants him:
... the sole and exclusive right for use and operation of this type of business within the Superdome premises.
There is no ambiguity in this language and it must therefore be applied as written, without reference to outside evidence of the intention of the parties. C.C. Art. 2046 (Formerly C.C. Arts. 1945 & 1963.). The fact that the trial judge chose to hear such evidence does not effect the validity of his ultimate conclusion that the terms of the lease were not ambiguous.
HMC also argues that the trial court erred by granting a preliminary injunction without a showing of irreparable injury and by not requiring Bonomolo to post a bond. In order to obtain a preliminary injunction, the party seeking it must make a prima facie showing that he will prevail on the merits and that he will suffer *782 irreparable injury if the injunction is not issued. C.C.P. Art. 3601, Price v. State, Department of Public Safety, 325 So.2d 759 (La.App. 1st Cir.1976). In addressing the issue of irreparable injury, the trial court ruled as follows:
HMC further contends that a preliminary injunction is not appropriate because plaintiff's damages can be measured in money, and that any injury which he suffers is therefore not irreparable. That rule is generally applicable, but in cases in which the clear and unequivocal terms of a lease are being violated, a party cannot continue the violation just because the resulting damage can be measured in money.
We agree with this reasoning. In Reilley v. Kroll, 197 La. 790, 2 So.2d 214 (1941), the Supreme Court upheld the granting of a preliminary injunction in a case where the lessee was attempting to erect an advertising sign on the leased premises in violation of the lease. The Court found the issuance of an injunction to be appropriate, notwithstanding the argument that the alleged injury which the sign would cause was compensable in money. Likewise, in Balser v. Shreveport Oil, Co., 163 La. 1008, 113 So. 356 (1927), the court upheld an injunction which enforced a lease provision forbidding alteration of the leased premises.
In this case, Bonomolo is seeking to prevent HMC from further breaches of the lease by enjoining the conduct leading to those breaches. This is a reasonable course of action, supported by the above jurisprudence. The trial judge is given broad discretion in determining whether to grant a preliminary injunction, and his decision will not be disturbed on appeal absent a clear abuse of that discretion. Anzelmo v. La. Comm. on Ethics for Public Employees, 435 So.2d 1082 (La.App. 1st Cir. 1983). We see no abuse of discretion in this case and affirm the issuance of the injunction.
However, it was error for the trial judge not to require security as provided in C.C.P. Art. 3610. HMC has argued strenuously for a judgment nullifying the injunction for this reason. While there is case law indicating that this is "the better approach", this is by no means a hard and fast rule. Compare: Cochran v. Crosby, 411 So.2d 654 (La.App. 4th Cir.1982), Magnon v. Lormand, 420 So.2d 1307 (La.App. 3rd Cir.1982), Jackson v. Town of Logansport, 322 So.2d 281 (La.App. 2nd Cir.1975). The purpose of furnishing security upon the issuance of a preliminary injunction is to protect the party enjoined from any damages which the wrongful issuance of the injunction might cause C.C.P. Art. 3610.
In a case such as this, where the plaintiff's right to an injunction seems beyond question, no useful purpose would be served by dissolving the injunction for lack of security. A remand to the district court for the posting of bond would, in our opinion, best serve the interests of justice and efficient judicial administration. The bond fixed on such a remand would protect the interest of HMC as effectively as if it had been posted initially. We see no reason to make the parties go through the mechanics of re-applying for an injunction which clearly should issue, merely to fix the amount of the bond. We therefore remand the case for the district court to this purpose.
Finally, HMC contends that the trial judge erred by dismissing its exception of no cause of action. That motion was based on HMC's contention that the activities which Bonomolo sought to enjoin were not those of HMC, but of trade show tenants. We do not agree. HMC, as lessor of the premises, had the power to prohibit its prospective tenants from engaging in the enjoined activities. Instead, HMC allowed those activities to take place, and by its inaction, breached its obligation to Bonomolo under the lease. HMC is legally responsible for its inaction and may be enjoined from continuing this course of conduct. Accordingly, the exception of no cause of action was correctly overruled.
For the foregoing reasons, the judgment of the trial court is affirmed and the case is *783 remanded for the fixing of security by the court in accordance with the law.