HALL, Chief Judge.
In January, 1986 appellant, Rodney Sum-merville, filed a petition seeking to annul an habitual offender judgment rendered against him on March 24, 1983 pursuant to LSA-R.S. 32:1472 and any other judgments or suspensions which may have issued as a *345 result of the 1983 judgment. It was alleged that the habitual offender judgment against him is null because he was not served with notice of the hearing personally or by domiciliary service as required by LSA-R.S. 32:1475. Appellant also prayed that a temporary restraining order, preliminary injunction, and permanent injunction be issued against the Department of Public Safety prohibiting it from further suspending appellant’s driver’s license and that the Department be ordered to issue him a driver’s license. Appellant was granted a temporary restraining order and after a hearing on the preliminary injunction, judgment was rendered denying the injunction. We affirm the judgment of the district court.
At the hearing on the preliminary injunction, Paula Henry Summerville, sister-in-law of appellant, testified that during late February or early March of 1983 she was served at Medic Pharmacy in Ruston, Louisiana with a notice for appellant to appear. Ms. Summerville further testified that this was not appellant’s usual place of abode.
Appellant testified that he received notice of the hearing from his sister-in-law and that although he appeared at the hearing, he was not represented by an attorney, no pleadings were filed on his behalf, and he requested no relief. He testified that the hearing officer addressed him and reviewed his file with him. At the hearing, appellant was adjudicated an habitual offender and his license was suspended for three years. Appellant stated that he was not informed of his right to appeal this decision.
The trial judge refused to grant the preliminary injunction on the basis that appellant appeared at the habitual offender hearing and subsequently acquiesced in the adjudication.
This appeal presents the question of whether the trial court abused its discretion by failing to grant a preliminary injunction prohibiting the' Department of Public Safety from further suspending appellant’s driving privileges until a final decision is rendered in his suit to annul the habitual offender judgment against him.
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. LSA-C.C.P. Art. 3601. Irreparable injury is considered to be a loss sustained by an injured party which cannot be adequately compensated in money damages or for which such damages cannot be measured by a pecuniary standard. Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La.1981), cert. denied, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982); Daigre Engineers, Inc. v. City of Winnfield, 385 So.2d 866 (La.App. 2d Cir.1980).
An applicant for an injunction must make a prima facie showing that he will prevail on the merits of the case. General Motors Acceptance Corp. v. Daniels, 377 So.2d 346 (La.1979); Daigre Engineers, Inc. v. City of Winnfield, supra. Conclusive adjudication of the applicant’s claim on the merits is not required as a condition for the issuance of a preliminary injunction. Daigre Engineers, Inc. v. City of Winnfield, supra.
The trial judge has broad discretion in determining whether to grant or refuse a preliminary injunction. Daigre Engineers, Inc. v. City of Winnfield, supra; Anzelmo v. La. Comm. on Ethics for Pub. Employees, 435 So.2d 1082 (La.App. 1st Cir.1983), writ denied, 441 So.2d 1220 (La.1983).
The giving of notice of a hearing by administrative agencies need only be reasonable and need not meet the exacting requirements for notice in judicial proceedings. Tafaro’s Investment Co. v. Division of Housing Improvement, 261 La. 183, 259 So.2d 57 (1972). Appearance in person or by attorney at an administrative hearing waives any irregularity or imperfection in the service of notice. Brown v. Sutton, 356 So.2d 965 (La.1978); State ex rel. Williams v. East Baton Rouge Parish School Board, 36 So.2d 832 (La.App. 1st Cir.1948).
Although appellant was not served with notice of the hearing as required by the statute, he was apprised of the hearing *346 and participated in it. He knew of the nature of the proceedings against him and there is no indication that he did not have sufficient time within which to prepare any available defenses. Under these circumstances, appellant waived any objection to the improper notice.
Appellant contends his appearance at the hearing did not constitute a general appearance under LSA-C.C.P. Art. 7 so as to subject him to the jurisdiction of the Department and to impliedly waive jurisdictional objections. Appellant cites Franks v. Mercer, 401 So.2d 470 (La.App. 2d Cir.1981) and Freire v. Wiles, 284 So.2d 817 (La.App. 4th Cir.1973) for the proposition that mere physical presence of an unserved defendant at trial does not constitute a general appearance.
The administrative hearing was not a judicial proceeding to which the articles of the Code of Civil Procedure are applicable. In any event, appellant appeared and directly participated in the hearing, although he may not have affirmatively requested any relief. No formal pleadings or response on his part were required. His appearance waived the failure to give notice in accordance with the statute.
Appellant has failed to make a pri-ma facie showing that he will prevail on the merits of his action to nullify the habitual offender adjudication, and the preliminary injunction was properly denied.
DECREE
The judgment of the trial court denying appellant’s prayer for a preliminary injunction is affirmed, at appellant’s costs.
AFFIRMED.