MARVIN, Judge.
We reverse the trial court’s preliminary injunction prohibiting Wal-Mart from disturbing the possession of its lessee-licensee, a pharmacist, of premises in Wal-Mart’s store in Jonesboro.
FACTS AND LAW
Under a July 30, 1981, lease and license agreement with a primary term of three years, Wal-Mart gave its lessee-licensee the option to renew the lease “for two (2) 2-yr periods.” Lessee apparently exercised the options to renew and continually operated his pharmacy under the agreement without dispute for almost seven years.
When lessee expressed his desire to renew the lease for an additional two years in the spring of 1988, Wal-Mart replied that the “License Agreement actually commenced on June 26,1981. Its original term was for three years from that date with two two-year extensions. The last extension has been exercised and the license is scheduled to terminate on June 26, 1988.” Wal-Mart informed the lessee that his lease would not be renewed or renegotiated and directed him to vacate the premises on or before August 8, 1988. Lessee instituted its action shortly after receiving Wal-Mart’s reply.
A trial court has discretion to grant preliminary injunctive relief, but that discre *1167 tion is not unfettered and may be exercised only in those cases were the mover shows he is entitled to injunctive relief and makes a prima facie showing that he will prevail on the merits of the case. See General Motors Acceptance Corp. v. Daniels, 377 So.2d 346 (La.1979); Summerville v. La. Dept. of Public Safety, 497 So.2d 344 (La.App.2d Cir.1986)
The trial court misapplied Bonomolo v. HMC Management Corp., 477 So.2d 780 (La.App. 4th Cir.1985). There, Bonomolo, the lessee, was given the sole and exclusive right to provide transportation services in the Superdome. It was shown that HMC, the lessor, however, had permitted temporary tenants in trade shows to provide transportation for others who attended the shows, a violation of the grant to Bonomo-lo. Bonomolo was granted a preliminary injunction. Affirming, the court said;
HMC ... contends that a preliminary injunction is not appropriate because plaintiffs damages can be measured in money, and that any injury which he suffers is therefore not irreparable. That rule is generally applicable, but in cases in which the clear and unequivocal terms of a lease are being violated, a party cannot continue the violation just because the resulting damage can be measured in money.
477 So.2d at p. 782.
Here, the lessee-licensee has not shown that “the clear and unequivocal terms of a lease are being violated.”
The issue in this appeal is whether the the primary and renewal terms of the lease have expired. We hold that they have.
The lease, styled “Discount Pharmacy License Agreement,” dated July 30, 1981, was for a primary term of three years. The option to renew stated:
LICENSEE shall have the option to renew this License upon the expiration of the Primary Term (but not upon the termination of the Primary Term for any other reason) for two (2) 2-yr periods to fall consecutively upon the same terms and conditions and for the same rental by giving LICENSOR at least sixty (60) days’ written notice prior to the termination date of its election to make each such extension....
Arguing that the quoted provision is ambiguous and suggests at least four interpretations, lessee inquires:
Do the terms provide for
(1) consecutive two-year periods,
(2) consecutive two 2-year periods,
(3) one two-year period, or
(4) one four-year period?
We see no real ambiguity. The requirement that lessee shall give Wal-Mart 60 days written notice before the termination date of lessee’s “election to make each such extension,” is a clear expression that more than one extension or renewal was contemplated. The option to renew clearly speaks of “two (2) ... periods” after the primary term, each of which may be exercised by written notice at least 60 days prior to the termination date. Each period is a “2-yr” period. The arabic numeral “2” in parentheses after the word “two” emphasizes that only two renewal periods are provided, and the hyphenated phrase “2-yr periods” limits the term of each renewal period to two years.
Interpretation of contracts is governed by CC 2045-2057, as revised in 1984. Former CC Art. 1945-1962 (1870). Allen v. Burnett, 530 So.2d 1294 (La.App.2d Cir.1988).
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. CC Art. 2046.
The comments thereunder state this article is new, but does not change the law. The principle of interpreting laws found in former CC Art. 13 (1870) is applied to contracts and the substance of former CC Art. 1945(3) (1870) is contained in the 1984 revision.
When the law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit. La. CC Art. 13 (1870) Legal agreements having the effect of law upon the parties, none but the par *1168 ties can abrogate or modify them. Upon this principle are established the following rules: ...
Third — That the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences; ... CC Art. 1945 (1870) in part.
Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. CC Art. 2050.
This article also reproduces the substance of CC Art. 1955 (1870) and does not change the law. See Comments, CC Art. 2050.
A preliminary injunction is not required or supported by lessee’s assertions that he expended more than $5,000 in 1987 to remodel the pharmacy at Wal-Mart’s insistence. The lease clearly provides:
... should the [lessee-licensee] remodel ... more that five (5) years after the date [of the lease, which is July 31,1981], any and all expense incurred in connection with such remodelpng] ... shall be borne solely by LICENSEE.
Anticipatory breach of a contract, while actionable in Louisiana, is not applicable where the contract has expired or terminated of its own accord. Compare Marek v. McHardy, 234 La. 841, 101 So.2d 689 (1958). See 20 La.L.Rev. 119, 124 (1959).
We also do not reach issues that might arise from a provision in the lease that prohibits the lessee from operating a pharmacy within a stated area for two years after the lease expires. Those issues are not before us.
Because we vacate the preliminary injunction, we do not decide whether an amended judgment and bond cure a preliminary injunction being initially issued without the security required by CCP Art. 3610. This issue is rendered moot by our disposition.
In summary, lessee has not made a pri-ma facie showing that he was entitled to renew the lease for a two-year renewal term in 1988. He has not made a prima facie showing that Wal-Mart breached any provision of the lease by informing him that he did not have a further renewal privilege and directing him to vacate the premises on August 8. His lease with Wal-Mart expired of its own accord before August 8, 1988. Lessee’s argument, based on ambiguity which does not exist, and which suggests that the lease could be renewed ad infinitum every two years, must fail.
DECREE
The judgment is reversed and the preliminary injunction is vacated and set aside. Costs, here and below, are assessed against appellee.