544 So.2d 53 (1989)
SIZELER PROPERTY INVESTORS, INC.
v.
GORDON JEWELRY CORPORATION and United Jewelers & Distributors, Inc.
No. 88-CA-1635.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1989.
J. David Forsyth, Patricia D. Tunmer, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, for plaintiffappellee.
Harry A. Rosenberg, M. Nan Alessandra, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for defendants-appellants.
Before GARRISON, ARMSTRONG, and BECKER, JJ.
GARRISON, Judge.
On September 19, 1979 Sizeler Property Investor's predecessor in interest leased commercial space in Southland Mall in Houma, Louisiana to Leonard Krower & Son, Inc., a Louisiana corporation. Krower at this time was a subsidiary of the defendant, *54 Gordon Jewelry Corporation. Gordon guaranteed Krower's obligations by guaranty.
Krower assigned its rights, title, and interests under the aforementioned lease to BCS, Inc. on February 18, 1987. Krower and Gordon remained bound and fully liable for performance of all obligations. BCS later became United Jewelers. The instant dispute arose when, on January 23, 1988, United, doing business as Leonard Krower, discontinued operations of the aforementioned store. Although United continued to pay timely rent, plaintiff, Sizeler, has filed suit, basing its cause on a "continuing operations" clause contained in the lease. Gordon made exception of no cause of action and prematurity. Subsequently, Sizeler moved for summary judgment and/or a mandatory writ of preliminary injunction.
The trial court denied the defendant's exceptions of no cause of action and prematurity. Plaintiff had properly amended its petition, making the first exception moot. Gordon's exception of prematurity was based on allegations that the plaintiff had not exhausted its remedies against United. This claim was found to be without merit as the guaranty waived Gordon's right to discussion, making Gordon a primary party to the lease in question. Gordon further claimed that, as the guaranty agreement was dated prior to the underlying obligation of the lease, the guarantee agreement could not stand. The trial court found the differing dates to be of no import, finding that the documents were signed by Krower and Gordon contemporaneously. This latter issue is not before us.
Sizeler's request for a mandatory writ of preliminary injunction was granted, providing for the specific performance of reopening and operating the store in question as contemplated under the lease between Gordon, United and Sizeler. The bond for his preliminary injunction was set at two million ($2,000,000.00) dollars. The appeal bond was set at ten thousand ($10,000.00) dollars. Sizeler appealed the amounts of both bonds.
Gordon has appealed alleging that Sizeler is not entitled to mandatory preliminary injunctive relief inasmuch as plaintiff failed to show irreparable harm and make a prima facie showing that it would prevail on the merits, as a consequence of which a mandatory injunction cannot issue without a trial on the merits. Furthermore, the cost differential between the harm alleged and the cure proposed would be grossly disproportionate.
In order to obtain a preliminary injunction, the moving party must show irreparable injury, loss or damage that would result if the injunction was not granted. LSA-C. C.P. article 3601; Price v. State Dept. of Public Safety, License Control and Driver Improvement Div., 325 So.2d 759 (La. App. 1st Cir.1976). Irreparable injury is a loss which cannot be measured by a pecuniary standard. Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La.1981). Additionally, the moving party must make a prima facie showing that it will prevail on the merits of the suit. General Motors Acceptance Corp. v. Daniels, 377 So.2d 346 (La.1979). Sizeler has failed to show irreparable harm. It has asserted a claim for liquidated damages or, "delay" damages, under the lease and any losses suffered would clearly be of a monetary nature. Further, we believe Sizeler has also failed to meet its burden of proof regarding the liklihood of success at a trial on the merits, thus failing to meet the requirements for injunctive relief under article 3601.
More importantly, we find specific performance in this instance to be impracticable. Louisiana Civil Code article 1986[1] comments state as follows: "Specific performance is also impracticable when it requires *55 the continuous supervision of the court." In the case at hand, implementing specific performance clearly requires not only the reorganization of a no longer existing business, but supervision by the court of the reopening and running of the business as well.
Analogy may be drawn to the case of Caddo Oil and Mining Co. v. Producers Oil Co., 134 La. 701, 64 So. 684 (1914) where the Supreme Court refused to order the specific performance of drilling an oil well because to do so would require the constant supervision of the court. Although an old case, the law presented remains sound. J. Weingarten, Inc. v. Northgate Mall, Inc., 404 So.2d 896 (La. 1981), allows that exception to specific performance is to be made where performance is impossible, greatly disproportionate in cost to actual damage caused, no longer in the creditor's interest, or would have substantial negative effect upon the interests of third parties. Due to the circumstances of this case, we find specific performance to be virtually impossible.
For the above reasons, we find that Sizeler is not entitled to specific performance. We reverse the trial court's holding and deny preliminary mandatory injunction requiring Gordon to reopen and run the store in question.
REVERSED AND REMANDED.
NOTES
[1] Art. 1986. Right of the obligee.

Upon an obligor's failure to perform an obligation to deliver a thing, or not to do an act, or to execute an instrument, the court shall grant specific performance plus damages for delay if the obligee so demands. If specific performance is impracticable, the court may allow damages to the obligee.
Upon a failure to perform an obligation that has another object, such as an obligation to do, the granting of specific performance is at the discretion of the court.