572 So.2d 284 (1990)
SREF BON MARCHE COMPANY
v.
D.H. HOLMES COMPANY, LIMITED, Dillard Department Stores, Inc.
Nos. 90 CW 0618, 90 CA 1013.
Court of Appeal of Louisiana, First Circuit.
November 14, 1990.
Writ Denied March 8, 1991.
*286 J. David Forsyth, New Orleans, for plaintiff-appellant.
H. Alston Johnson, III, Baton Rouge, for defendant-appellee.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
By order of the Louisiana Supreme Court to expedite this matter 559 So.2d 1384, plaintiff's writ application and devolutive appeal from the denial of plaintiff's petition for a preliminary injunction have been consolidated for expeditious consideration by this court.
Bon Marche' Company (original Lessor) entered into a written lease with D.H. Holmes, Inc. (original Lessee) pertaining to the lease of certain retail space located in the Bon Marche' Shopping Center in Baton Rouge (SREF). Bon Marche' (SREF) succeeded Bon Marche' Co. as Lessor. The original lease was executed in 1960 for a primary term of twenty-five years, commencing on August 1, 1961 and expiring July 31, 1986.
The lease was amended in 1973, changing the expiration date of the original lease term to thirty years from 1975; and expanding the leased premises to include an additional 50,000 square feet of retail space totaling approximately 147,500 square feet (72,500 square feet on the first floor and 75,000 square feet on the second floor). Lessee is to pay the greater of a set minimum rent ($240,000 per year) or a set percentage of sales. D.H. Holmes operated a department store therein until May, 1989, when Holmes stock was acquired by Dillard Department Stores, Inc. (Dillard's). Thereafter, it was operated as a department store by Dillard's. SREF subsequently learned that Dillard's intended to discontinue selling merchandise from its second floor, consolidating its operation to the first floor only.
SREF instituted this action against the Lessee seeking a declaratory judgment declaring Dillard's breached the lease by failing to maximize sales and percentage rents by closing the second floor and also declaring that Dillard's was in violation of the radius clause of the lease. SREF also sought specific performance and to have Lessee permanently enjoined from closing the second floor and from violating the radius clause of the lease. Pending trial of the matter, SREF sought the issuance of a temporary restraining order, or alternatively, a preliminary injunction. After a hearing on the rule, the trial court denied SREF's petition for the preliminary injunction. From this judgment SREF both appealed and applied to this court for supervisory writs. We denied SREF's requested stay and denied writs. SREF sought writs to the Supreme Court which ordered this court to expedite the matter. Accordingly, we consolidated the appeal and supervisory writ for expeditious consideration.
In the first, second and third assignments of error appellants allege that the trial court erred in refusing to grant the preliminary injunction; in holding that a demonstration of irreparable harm is a prerequisite to the requested preliminary injunctive relief; and in finding that irreparable harm had not been demonstrated.
SREF contends that the closure of the second floor will result in lower sales volume which in turn will result in lower sums paid to SREF in percentage rent. Additionally, SREF contends that because Dillard's is a major anchor tenant its actions will injure SREF in methods which cannot be adequately measured in damages including: reduced customer traffic in the mall; diminution of sales in other businesses located in the mall; failure of existing tenants to renew their leases; loss of prospective lessees; and causing SREF to *287 breach individual leases with its other mall tenants.
In order to obtain a preliminary injunction, unless otherwise provided by law, a petitioner must show that he will suffer irreparable damage or injury if such relief is not granted. La.C.C.P. art. 3601; Anzelmo v. Louisiana Commission on Ethics for Public Employees, 435 So.2d 1082 (La. App. 1st Cir.), writ denied, 441 So.2d 1220 (La.1983). Petitioner must also make a prima facie showing that he will prevail on the merits of the case. Stewart v. Wal-Mart Stores, Inc., 542 So.2d 1166 (La.App. 2d Cir.1989). "Irreparable injury is considered to be a loss sustained by an injured party which cannot be adequately compensated in money damages or for which such damages cannot be measured by a pecuniary standard." Anzelmo v. Louisiana Commission on Ethics For Public Employees, 435 So.2d at 1087.
In oral reasons for judgment the trial court found that the injury to SREF, if any, was measurable in damages; it was not irreparable. Economic damage and loss of rental income is measurable in money and thus does not fit the definition of irreparable injury and we have located no jurisprudence in which the Courts of Appeal and Supreme Court of this State have decided to the contrary. We find the trial court correctly concluded that SREF failed to show it will be irreparably injured.
In the second assignment of error SREF contends that a preliminary injunction is available without a showing of irreparable injury where terms of a lease are breached. Although some jurisprudence indicates that a preliminary injunction may be available without a showing of irreparable injury where a lease is breached, the issuance of a preliminary injunction has been limited in those instances to circumstances where the clear and unequivocal terms of a lease are being violated. Bonomolo v. HMC Management Corp., 477 So.2d 780 (La.App. 4th Cir.1985). See Stewart v. Wal-Mart Stores, Inc., 542 So.2d 1166 (La.App. 2d Cir.1989). Since we find the relied upon provision, Section 2.2 of the lease is neither clear nor unequivocal, a preliminary injunction would not be appropriate under this theory.
Having found that SREF failed to show no irreparable harm, the trial court refused to rule on whether SREF had made a prima facie case that it would succeed on the merits. In oral reasons for judgment, however, the trial court stated that it was a close question.
Article II, Section 2.1 of the March 15, 1973, amendment to the lease extended the expiration date of the original term to January 31, 2005. Article II, Section 2.2 provides in pertinent part:
Consequently with the commencement of the extended firm term as provided above, Lessee agrees to continuously use and occupy the leased premises as a department store, with or without option, for a period of not less than twenty-five (25) years, during the first fifteen (15) years of which the store shall be operated under its present trade style as a D.H. Holmes store, using the premises with the enlarged selling area as provided in Article V below to the fullest possible extent, and for no non-mercantile purpose unless incidental to the operation of a department store.
SREF alleges that Section 2.2 requires Dillard's to occupy and operate the entire leased premises to the "fullest possible extent" for the full twenty-five year term and that use to the "fullest possible extent" means it must fully stock and operate the entire leased area for the twenty-five year term. Lessee contends that the above quoted language refers to the fifteen year not the twenty-five year term; Section 2.2 is ambiguous; and Lessee is not required to utilize the entire leased premises if by doing so Lessee would continually suffer serious financial loss.
It is debatable whether the language requiring use of the premises to the "fullest possible extent" refers to the fifteen or to the twenty-five year term. Even assuming that it applies to the twenty-five year term, that phrase would most probably be interpreted to refer to the operation of the business in a manner which is consistent *288 with sound business principles. Impliedly, Lessee would not be required to suffer a large financial loss due to operation of the business by being required to utilize the entire leased premises. See Selber Brothers v. Newstadt's Shoe Stores, 203 La. 316, 14 So.2d 10 (1943); Slidell Investment Co. v. City Products Corp., 202 So.2d 323 (La. App. 1st Cir.), writ denied, 251 La. 387, 204 So.2d 572 (1967). Thus, even if the twenty-five year term were applicable, Lessee may still not be required to utilize the entire leased premises as sought by SREF and Lessee would not be in breach of the lease.
Additionally, SREF contends that since specific performance is available as a remedy for breach of contract without necessitating a showing of irreparable harm, where specific performance is available as a remedy the obligee is entitled to obtain a preliminary injunction without a showing of irreparable injury.
The remedy of specific performance may, under some circumstances, be enforced by injunction. However, petitioner must have a substantive right to specifically enforce an obligation in order for an injunction to be used as a procedural remedy to enforce the obligation. See J. Weingarten, Inc. v. Northgate Mall, Inc., 404 So.2d 896 (La.1981). Having previously found that SREF has not made a prima facie case that it will succeed on the merits, SREF cannot prevail under this theory either. Moreover, specific performance is impractical under circumstances where continuous supervision of a business operation is required of the court. Sizeler Property Investors, Inc. v. Gordon Jewelry Corp., 544 So.2d 53 (La.App. 4th Cir.), writ granted and subsequently dissolved, 548 So.2d 1215 (La.1989). Although a preliminary injunction may be denied, petitioner may still be entitled to specific performance because the entitlement of a petitioner to a preliminary injunction is distinguishable from the petitioner's right to specific performance. Pogo Producing Co. v. United Gas Pipe Line Co., 511 So.2d 809 (La.App. 4th Cir.), writ denied, 514 So.2d 1164 (La.1987).
Further reasons why SREF may not prevail on the merits is that Lessee contends that SREF is in breach of the reciprocal continuous operation clause of Section 2.3 of the 1973 amended lease which provides:
Concurrently with the commencement of the extended firm term as provided above, Lessor agrees to continuously use and occupy the premises described on the attached Exhibit A, including at all times at least eight hundred twenty thousand (820,000) square feet of retail store area leased and occupied by tenants or available for immediate leasing, as a shopping center for a period of not less than twenty-five (25) years, provided that if Lessee's operating covenant is extended as provided in Paragraph 2.2 of this Amendment, Lessor's operating covenant shall be extended for an equal period.
Lessee alleges that since September, 1985, SREF has had less than 750,000 square feet of retail space in the mall in that some of the remaining square footage was converted to and leased as office space and the balance remains vacant.
The granting or denial of a preliminary injunction is left to the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. Anzelmo v. La. Commission on Ethics for Public Employees, 435 So.2d at 1087. We find no abuse of discretion in the trial court's determination that SREF has not and will not suffer irreparable injury, nor do we find that SREF has made a prima facie showing that it will prevail on the merits. Accordingly, we affirm the judgment of the trial court. Costs are assessed against appellants.
AFFIRMED.