DOUCET, Judge.
This appeal concerns the appropriateness of the remedy granted by the trial court pursuant to a motion for preliminary injunction.
The defendants, Earl D. Brown, d/b/a Brown Enterprises and Jeffery Brown, own a tract of land which shares a boundary with land owned by the plaintiffs, Mr. & Mrs. A.G. Mendoza. In 1990, the defendants built two catfish ponds, the southern levees of which are between six inches and four feet from the Mendoza property line. Defendants have further installed drainage pipes for the ponds on the southern side of the ponds near the property line.
In March 1991, the plaintiffs filed a petition for damages and injunctive relief. The petition alleged that the drainage from the defendants’ catfish ponds was flooding a portion of plaintiffs’ property, damaging that portion of the property to such an extent that they were unable to use the property. Plaintiffs further alleged that the defendants had blocked the natural drainage of the property.
Pursuant to the plaintiffs’ petition, a hearing was held to determine whether a preliminary injunction should issue pending a trial on the merits. After hearing the testimony of numerous witnesses, the trial judge issued a preliminary injunction as follows:
IT IS HEREBY ORDERED that defendant, JEFFREY BROWN, his agents or assigns, be and they are hereby temporarily restrained and enjoined and prohibited from flooding plaintiffs’ property.
IT IS FURTHER ORDERED that defendant shall cut a drainage ditch and in the event any of plaintiffs’ property is *26 necessary for construction of the ditch, compensation shall be paid at the rate of $1,000.00 per acre.
IT IS FURTHER ORDERED that this preliminary injunction shall remain in effect until a permanent order on this issue is rendered, after a trial on the merits.
The plaintiffs appeal citing as error: 1) that portion of the injunction which orders them to give up a portion of their property to the defendant if needed for a ditch; 2) the failure to order restoration of natural drainage; and 3) the failure to award damages.

DITCH ON MENDOZA PROPERTY

The trial court has ordered the defendants to build a ditch to effect drainage of the plaintiffs’ property. He further orders that if it is necessary that the ditch be built on plaintiffs’ property, then the defendants should compensate the plaintiffs at the rate of $1,000 per acre. Plaintiffs argue that this order improperly deprives them of their property.
We agree that this is not an appropriate remedy. While not an explicit transfer of property, the effect of this order is a taking. If defendants choose to fulfill their obligation to remedy the damage they have inflicted on the plaintiffs’ property by using the plaintiffs’ property, that property becomes unavailable to the plaintiffs for their own use.
Ownership of property can only be acquired by inheritance, the effect of an obligation8 or by operation of law (such as expropriation). La.C.C. art. 870. La. Const, of 1974, art. I, § 4 provides, in pertinent part, as follows:
Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question.
(footnote omitted)
Day v. Warren, 524 So.2d 1383 (La.App. 1st Cir.1988).
As in that case, there has been no showing here that the Browns are authorized by law, inheritance or obligation to acquire ownership of the Mendozas’ property. The trial court’s order deprives the Mendozas of their property without due process of law and essentially rewards the Browns for damaging their neighbor’s property by turning the Mendozas’ property over to them for their use. Accordingly, we reverse that portion of the judgment which orders the Browns to dig a ditch to drain the Mendozas’ property and to compensate the Mendozas if their property is used for construction of the ditch. That part of the judgment prohibiting defendants from flooding plaintiffs’ property is affirmed.

RESTORATION OF NATURAL DRAINAGE

The plaintiffs next argue that the Browns should have been ordered to restore the natural drainage. However, after reviewing the record, it is far from clear whether the defendants have blocked the natural drain, and that the blockage, if any, has had an effect, adverse or otherwise, on the plaintiffs. The decision to grant or deny relief by preliminary injunction is left to the sound discretion of the trial court. This decision will not be disturbed on appeal absent a clear abuse of discretion. SREF Bon Marche Co. v. D.H. Holmes Co., 572 So.2d 284 (La.App. 1 Cir.1990), writ denied, 576 So.2d 45 (La.1991). Finding no such abuse, we will not disturb the trial court’s decision.

DAMAGES

Finally, plaintiffs argue that the trial court erred in failing to award damages for loss of 1,000 trees and loss of the rental revenue of the property.
The judgment complained of was rendered pursuant to a hearing on a preliminary injunction.
A preliminary injunction is a procedural device interlocutory in nature designed to preserve the existing status pending a trial of the issues on the merits of the case. The principal demand is determined on its merits only after a full trial *27 under ordinary process, even though the hearing on the summary proceedings to obtain the preliminary injunction may touch upon or tentatively decide merit-issues. (This is subject to the exception that, where the parties have expressly agreed to submit the case for final decision at the hearing on the rule for the preliminary injunction, the ruling on the preliminary injunction may definitively dispose of the merit-issues. State ex rel. Guste v. City of New Orleans, 363 So.2d 678 (La.1978)); Smith v. West Virginia Oil & Gas Company, 373 So.2d 488 (La.1979). The trial of a rule for a preliminary injunction cannot replace a trial on the merits, in the absence of such a stipulation by the parties, no matter how thoroughly the merits have been treated, even by the court of appeal. Arbour v. Total CATV, Incorporated, 400 So.2d 1155 (La.App. 1st Cir.1981). See Dunn v. Sutton, 381 So.2d 1221 (La.1980), in which certiorari was granted and the case remanded to the trial court despite a thorough treatment of the merits both at trial and on appeal in Dunn v. Sutton, 378 So.2d 485 (La.App. 1st Cir.1979).
Transworld Drilling v. Tex. Gen. Petro, 517 So.2d 1262 (La.App. 4 Cir.1987).
The parties here did not agree to submit the case for final decision at the hearing on the preliminary injunction. The judgment rendered after the hearing addressed only the preliminary injunction. The issue of damages goes to the merits of the case. The trial judge was correct in refusing to render judgment on that point.
Accordingly, the judgment of the trial court is affirmed in part and reversed in part. The case is remanded to the trial court for trial on the merits. Costs of this appeal are to be assessed one-half to the defendants and one-half to the plaintiffs.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.