LOTTINGER, Judge.
This is an appeal by the State of Louisiana, Department of Natural Resources, Office of Conservation, (DNR) from a judgment dissolving a temporary restraining order and denying a preliminary injunction against the defendant, Louisiana Pumping Service, Inc.
*41 FACTS
In May, 1983, two employees of DNR inspected the facilities of Louisiana Pumping Service, Inc. on Bayou Grand Caillou in Terrebonne Parish and reported finding un-contained nonhazardous oilfield waste on the property. On August 5, 1983, a temporary restraining order was issued on the petition of DNR enjoining defendant from conducting any further activities or operations on the property. In its petition DNR alleged that Louisiana Pumping Service, Inc. was violating La.R.S. 30:4 1(1) by operating a commercial waste disposal facility for nonhazardous oilfield waste without a permit.
Defendant filed a number of exceptions to the petition for an injunction, all of which were referred to the merits by the trial court. A hearing on the rule for a preliminary injunction was held on August 12,1983, and after DNR rested its case, the trial court granted a motion for a directed verdict in favor of the defendant on the basis that DNR failed to prove irreparable injury would occur as required by La.Code Civ.Pro. art. 3601. From this judgment DNR has appealed.
ASSIGNMENTS OF ERROR
In appealing DNR contends the trial judge erred in sustaining the various objections to testimony which basically prevented DNR from proving that the defendant did not possess the necessary permit from the state.
I
La.Code Civ.Pro. art. 3601 provides that “an injunction shall issue in cases where irreparable injury ... may otherwise result....” However, it is not necessary to prove irreparable injury when the injunction is sought on the grounds that the defendant is pursuing a course of action violative of the law. Salter v. B.W.S. Corporation, Inc., 290 So.2d 821 (La.1974); Whalen v. Brinkman, 258 So.2d 145 (La.App. 1st Cir.1972).
II
La.R.S. 30:4 1(1) provides that “every person who intends to open and operate a new offsite commercial facility for the disposal of nonhazardous wastes produced in oil and gas drilling operations, shall file an application, with the office of conservation for a permit to conduct such operation.” The obvious intent of this section of the law is to require a permit for the operation of off site commercial facilities for the disposal of nonhazardous waste produced in oil and gas drilling operations.
La.R.S. 30:18 A provides for a penalty of $5,000.00 a day for each day of violation and for each act of violation for anyone who violates a provision of “this Chapter.” This penalty provision includes a violation of La.R.S. 30:4 1(1).
In its petition DNR alleged that defendant was operating a commercial disposal site for nonhazardous oilfield waste and had never received nor applied for a permit.
III
To obtain the injunction DNR need only prove that the defendant was engaged in an activity controlled by R.S. 30:4 I and that defendant did not have a permit.
From a review of the record DNR proved that the defendant was engaged in an activity covered by the statute. However, when DNR attempted to prove, by the testimony of the DNR employee who was responsible for reviewing permit applications, that the defendant had not applied for a permit, the trial judge sustained an objection of relevancy because the evidence would not tend to prove irreparable injury. We are of the opinion that the trial judge was in error, and should have allowed the testimony. The proof of a violation of the law is proof enough for an injunction. However, DNR did not proffer this evidence, and thus it is necessary that this proceeding be remanded to the trial court for the taking of additional evidence.
IV
Defendant filed various exceptions in the trial court which were referred to the merits, and because of the outcome at the trial level were never ruled upon. On remand these exceptions should be ruled upon de *42 pending on the disposition of this matter by the trial court.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings consistent with the views expressed hereinabove. Under the authority of La.Code Civ.Pro. art. 2164, a temporary restraining order is issued against Louisiana Pumping Service Company, Inc. in the same form and substance of the “amended temporary restraining order” issued by the trial court under date of August 8, 1983, effective from the effective date of this judgment. Additionally, the trial court is directed to conduct a hearing on the preliminary injunction, and if same cannot be held within the time prescribed by La.Code Civ. Pro. art. 3604, then to extend said restraining order as authorized by said article. Costs of this appeal are assessed to the defendant, Louisiana Pumping Service Company, Inc.
REVERSED, REMANDED AND TEMPORARY RESTRAINING ORDER ISSUED.
GROVER L. COVINGTON, C.J., concurs.