LOTTINGER, Judge.
This is an action in which the trial court granted a preliminary injunction against the defendant, The Travelers Indemnity Company (Travelers), enjoining Travelers from pursuing a declaratory judgment action in a Virginia state court.
FACTS
On August 4, 1985, plaintiff Michael Lee Bell, a domiciliary of Virginia, was operating a 1984 Plymouth Reliant, which was owned by National Car Rentals System, Inc. and leased by plaintiff’s sister, Karen B. Gonzales. The accident occurred on Interstate Highway 12 in Tangipahoa Parish, Louisiana, when the Bell vehicle drifted off the traveled portion of the highway and onto the shoulder rear-ending a parked vehicle. The parked vehicle was owned and operated by defendant Andrew P. Jones, Sr., a citizen and domiciliary of Georgia.
As a result of the collision, Sharon Faye Turner Bell sustained severe and permanent disabling personal injuries, one of plaintiff’s two minor children was rendered a quadriplegic, and the other was killed.
On October 10, 1985, plaintiffs filed suit for damages in Tangipahoa Parish, Louisiana. Plaintiff Michael Lee Bell filed suit solely in his representative capacity as administrator of the estate of his minor child. Plaintiff Sharon Faye Turner Bell filed suit individually for her own injuries, for the loss of society of her minor child, and for the wrongful death of the other minor child. In their suit for damages, plaintiffs alleged that the accident was caused in part by Michael Lee Bell’s fault in that he fell asleep while driving the aforementioned vehicle.
This suit was brought as a direct action against defendant-appellant, Travelers, the alleged liability insurer of the vehicle being operated by Bell, which insurer allegedly affords coverage for his negligence. Also named as defendants were Mr. Jones and his liability insurer, Allstate Insurance Company, and State of Louisiana, through the Department of Transportation and Development (Highway Department). Plaintiffs alleged that Mr. Jones was concurrently negligent in parking his vehicle on the shoulder of the Interstate Highway when it was unnecessary to do so and without displaying any warning flashing lights. The Highway Department was also allegedly negligent and strictly liable in failing to have placed upon the shoulder of the Interstate the structural features which would alert a motorist who has fallen asleep of the fact that he has left the main portion of the highway by emitting a noise which would awaken the motorist as the tires went across such structural features, which had been utilized by the Highway Department on other roadways.
Service of process was perfected upon defendant, Travelers, and Travelers filed a motion for extension of time on October 24, 1985. On October 29, 1985, the Highway Department filed an answer, a third party demand and a cross-claim seeking contribu *830 tion from Travelers as the alleged liability insurer of Michael L. Bell.
This suit was pending in Louisiana for more than a month [Travelers had been served with plaintiffs’ suit, Travelers had applied for and obtained an extension of time, Travelers had been sued by co-defendant, the Highway Department, and Travelers had been served with a third party demand and cross-claim for contribution] when Travelers filed a motion in the Virginia court for declaratory judgment. Travelers sought to have the Virginia court declare that the liability insurance coverage admittedly issued in favor of National Car Rental System, Inc. did not afford coverage to Michael Bell because he was not an authorized user of the vehicle and because he was allegedly operating the vehicle for illegal purposes while under the influence of intoxicants or drugs. This motion was apparently filed on November 14, 1985, and it purportedly named as defendants all of the Bell family members as well as Allstate Insurance Company and the Highway Department.
In Travelers’ answer to the suit filed in Louisiana, the same defenses were raised as presented in the Virginia filed declaratory judgment action.
On January 8, 1986, plaintiff sought a temporary restraining order to prevent Travelers from having the issues of the Louisiana suit adjudicated in a Virginia court, claiming irreparable harm, vexations and duplicitous litigation with increased expenses and possible irreversible deprivation of rights. The temporary restraining order was granted, and after a contradictory hearing, a preliminary injunction was granted on January 22, 1986.
TRIAL COURT
The injunction granted by the trial court prevented Travelers from pursuing the motion for declaratory judgment in the Virginia court over the same issues covered by the suit already pending before the Louisiana court. The trial court held that it is empowered to enjoin persons over whom it has personal jurisdiction from prosecuting suits or actions in courts of other states and foreign jurisdictions in proper cases to prevent vexatious harrassment, oppression, unconscionable or inequitable advantage, irreparable injury or evasion of domiciliary laws.
The trial court was of the opinion that plaintiff faced irreparable injury if the defendant Travelers would be permitted to obtain a declaratory judgment denying coverage as interpreted by a Virginia court, which may be in conflict with the way the liability insurance coverage issue would be determined under Louisiana law, under the Louisiana Direct Action Statute, La.R.S. 22:655.
ASSIGNMENTS OF ERROR
From this judgment defendant-appellant, Travelers, appeals raising four assignments of error contending the trial court erred:
(1) in granting plaintiffs’ request for a preliminary injunction in that plaintiffs failed to make the requisite showing that the actions of appellant would result in injury, loss or damage, that such injury would be irreparable and that they were likely to prevail on the merits of the case, or that the actions of appellant constitute conduct which violates the law;
(2) in granting a preliminary injunction to the plaintiffs, regardless of the sufficiency of the evidence presented;
(3) in ruling that the rental agreement and liability insurance policy should be construed by application of Louisiana law; and
(4) in basing its decision upon the Louisiana Direct Action Statute, La.R.S. 22:655.
ASSIGNMENT OF ERROR NO. 1
Travelers admits that it is not challenging the authority of the Louisiana court to issue an injunction in this case, only the propriety of doing so, and whether the plaintiffs proved a right to such relief. Travelers claims that absent irreparable injury or illegal conduct, the granting of the *831 preliminary injunction in this case was a clear abuse of discretion by the trial judge.
It is well settled that courts abhor a multiplicity of lawsuits to settle a single issue. Such actions are expensive for the litigants and an unnecessary duplication of judicial time. We conclude that multiple lawsuits are so disapproved by the judiciary that they fall within that classification of activity which is reprobated.
Since multiple lawsuits are reprobated by jurisprudential rule, it is not necessary to allege or prove irreparable injury when seeking an injunction to enjoin a declaratory judgment action filed subsequent to the initial lawsuit to clarify an issue involved in the original lawsuit. State Through Department of Natural Resources, Office of Conservation v. Louisiana Pumping Service, Inc., 465 So.2d 40 (La.App. 1st Cir.1985), writ denied 466 So.2d 454 (La.1985); Whalen v. Brinkman, 258 So.2d 145 (La.App. 1st Cir.1972).
Therefore, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
Travelers argues that regardless of the evidence produced in support of the injunction, as a matter of law, plaintiffs are not entitled to an injunction. Defendant-appellant cites New Orleans Brewing Co. v. Cahall, 188 La. 749, 178 So. 389 (1937) and Missouri Pac. Ry. Co. v. Harden, 158 La. 889, 105 So. 2 (1925) for the proposition that injunctions are generally not appropriate to restrain the prosecution of suits in other jurisdictions. However, we are convinced that the later case of Transamerica Insurance Company v. Whitney National Bank of New Orleans, 251 La. 800, 206 So.2d 500 (1968) is controlling.
In Transamerica the court said:
Generally speaking, in situations of this kind, the pendency of another action involving the same set of circumstances has often been determinative. And courts generally will either dismiss or stay a subsequent petition for a declaratory judgment....
Here the action for relief ... will necessarily settle the identical issue raised in the declaratory action, and the parties are the same parties. There appears to be no sound reason to permit this, declaratory action for it promotes multiplicity of suits, which are expensive for the litigants and an unnecessary duplication of judicial time and effort generally to be abhorred by the courts. (206 So.2d 502) (citations omitted) (emphasis by this court).
Therefore, we conclude that the injunction was appropriate.
ASSIGNMENT OF ERRORS NOS. 3 AND 4
We conclude that any statement by the trial judge in his written reasons for judgment concerning the law that will govern the interpretation of the insurance contract is not part of the judgment issuing the injunction and is therefore not an issue before this court. This is an issue that should be addressed when this case is tried on the merits.
Considering that we have concluded that the injunction was properly issued, as discussed under Assignment of Error No. 2, we pretermit any further discussion of Assignment of Error No. 4.
Therefore, the judgment appealed from is affirmed at the costs of The Travelers Indemnity Company.
AFFIRMED.