653 So.2d 1318 (1995)
Rosemarie Bautista HERNANDEZ, Personal Representative of the Estate of Dante Lacson Hernandez; Individually and on Behalf of his Children Maria Lourdes B. Hernandez, Maria Cecilia B. Hernandez, Maria Victoria B. Hernandez, Marites B. Hernandez, and Dante Rose Bautista Hernandez
v.
STAR MASTER SHIPPING CORPORATION and Candida Corporation.
No. 94 CA 1553.
Court of Appeal of Louisiana, First Circuit.
April 7, 1995.
*1319 David C. Vidrine, Baton Rouge, Gordon R. Crawford, Gonzales, for plaintiff/appellee, Rosemarie B. Hernandez.
Derek A. Walker, New Orleans, for defendant/appellee, Star Master Shipping.
Gerard T. Gelpi, New Orleans, Risley C. Triche, Napoleonville, for defendant/appellant, Bureau Veritas.
Before LeBLANC, PITCHER and FITZSIMMONS, JJ.
LeBLANC, Judge.
This appeal is taken from the granting of a preliminary injunction enjoining defendant, Bureau Veritas, from continuing to prosecute a suit filed by it in the Commercial Court of Nanterre, France.

FACTS
On January 19, 1992, Dante Lascon Hernandez was killed when the boom of a cargo crane fell on him as he was performing his duties as a crewman aboard the M/V PALOMA. The M/V PALOMA was docked in the Mississippi River near Darrow, Louisiana, at *1320 the time of the accident. Thereafter, a petition for damages was filed by Rosemarie Bautista Hernandez, widow of the deceased, individually and on behalf of the deceased's children, in the 23rd Judicial District Court. Named as defendants therein were Star Master Shipping Corporation (Star) and Candida Corporation (Candida), alleged to be Mr. Hernandez's employers and the owners of the M/V PALOMA. An amended petition was subsequently filed naming Bureau Veritas, a marine classification society, as an additional defendant. Plaintiffs contend Bureau Veritas negligently conducted an inspection it was hired by Star and Candida to perform on the M/V PALOMA.
In response, Bureau Veritas filed an answer and exceptions raising several objections. One of the exceptions raised was lack of jurisdiction, which Bureau Veritas based on a forum selection clause in the contract between it and Candida providing for the submission of any disputes to the court of Nanterre, France. Bureau Veritas also asserted that "[p]etitioners' cause of action/right of action" is barred by the doctrine of release and satisfaction by virtue of the execution of a Mary Carter agreement between petitioners and defendants [Star and Candida]. The record does not contain a ruling on these exceptions.
Subsequently, Bureau Veritas filed suit in the Commercial Court of Nanterre, France, naming as parties: Star; Candida; their underwriters; and the plaintiffs in the present suit. In the French suit, Bureau Veritas sought judgment declaring Star and Candida were jointly liable to indemnify Bureau Veritas for any liability imposed on it by the Louisiana court. In its pleadings, Bureau Veritas alleged the suit against it in Louisiana involves a "Mary Carter" agreement between the Hernandez plaintiffs, Star and Candida. Bureau Veritas further alleged this agreement would be considered a fraud by the French courts ("an illegitimate attempt to obtain a judgment before an incompetent court"), and requested a declaration, binding against the Hernandez plaintiffs, that this agreement could not be enforced against it. Lastly, Bureau Veritas cited it objections to the jurisdiction of the Louisiana court.
After receiving notice of the French suit, plaintiffs filed a motion for preliminary injunction. In this motion, plaintiffs alleged Bureau Veritas was improperly seeking to avoid the jurisdiction of the trial court by attempting to have certain defenses raised in the Louisiana proceedings litigated before a French court. Star and Candida filed a separate motion for preliminary injunction, based on the same grounds.
After a hearing, judgment was rendered granting the motions for preliminary injunction. The judgment enjoined Bureau Veritas from continuing or otherwise prosecuting the pending action instituted by it in the Commercial Court of Nanterre, France. Bureau Veritas has now appealed.

DISCUSSION
On appeal, Bureau Veritas argues the preliminary injunction was improperly issued because: (1) there was no showing that irreparable harm would result unless the injunction was issued; (2) the proceedings in France were brought pursuant to a valid forum selection clause; (3) since they were not parties to the agreement, plaintiffs lacked standing to challenge the provisions of the forum selection clause; and (4) the two suits at issue do not involve the same issues. These arguments lack merit.
Bureau Veritas instituted its suit for declaratory judgment in France after the filing of the present suit for damages. In Bell v. Travelers Indem. Co., 500 So.2d 828, 831 (La.App. 1st Cir.1986), writ denied, 502 So.2d 112 (1987), this court held that it is not necessary to prove irreparable harm when an injunction is sought to enjoin a declaratory judgment suit filed subsequent to the initial lawsuit to clarify an issue involved in the original suit. This holding was based on the following rationale:
It is well settled that courts abhor a multiplicity of law suits to settle a single *1321 issue. Such actions are expensive for the litigants and an unnecessary duplication of judicial time. We conclude that multiple lawsuits are so disapproved by the judiciary that they fall within that classification of activity which is reprobated. Bell, 500 So.2d at 831.
This reasoning is applicable herein. Based on our examination of the pleadings, we conclude some of the issues raised in the French proceedings overlap and are duplicative of issues involved in the present suit. The granting or denial of a preliminary injunction is a matter within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear abuse of discretion. SREF Bon Marche Co. v. D.H. Holmes Co., 572 So.2d 284, 288 (La.App. 1st Cir.1990), writ denied 576 So.2d 45 (1991). We find no abuse of discretion in the granting of the preliminary injunction in the present case.
Further, we find no merit in Bureau Veritas' contention that the injunction violates the forum selection clause in its contract with Star and Candida. The preliminary injunction in this case merely delays the prosecution of Bureau Veritas' suit in France. At this point, Bureau Veritas has not been found liable for any damages to the Hernandez plaintiffs. In the event that a judgment is ultimately rendered against Bureau Veritas in plaintiffs' suit, Bureau Veritas can pursue an indemnification action in France once the present proceedings are concluded.
Bureau Veritas also argues the Hernandez plaintiffs lack standing to enjoin the prosecution of the suit filed by Bureau Veritas in France. We do not agree. Plaintiffs were named as parties in the French suit. Additionally, we believe plaintiffs' rights could be affected by the proceedings in France. Accordingly, plaintiffs have standing to enjoin those proceedings. See Guidry v. Roberts, 331 So.2d 44, 47 (La.App. 1st Cir.), affirmed in part, reversed in part on other grounds, 335 So.2d 438 (1976).
However, we do agree with Bureau Veritas' additional argument that the injunction should not have been granted without the furnishing of security. Under La.C.C.P. art. 3610, a preliminary injunction shall not issue without the furnishing of security by the applicant, except where security is dispensed with by law. Since we are unaware of any law dispensing with security in the present case, we find the trial court erred in issuing the injunction without the requiring security. High Plains Fuel v. Carto Intern. Trading, 93-1275 (La.App. 1st Cir. 5/20/94), 640 So.2d 609, 615, writ denied, 94-2362 (La. 11/29/94), 646 So.2d 402. When an injunction has been granted without security, an appellate court may either set aside the preliminary injunction or remand the matter to the trial court for the fixing of security. High Plains, 640 So.2d at 615-616. Given the circumstances, we do not believe it would serve any useful purpose to set aside the preliminary injunction issued in this case due to the lack of security. The interests of justice and judicial economy would be best served by remanding this matter to the trial court for the furnishing of security. See High Plains, 640 So.2d at 615.

CONCLUSION
For the above reasons, the judgment of the trial court granting a preliminary injunction is amended to provided for the fixing of security. The judgment is affirmed in all other respects. This matter is hereby remanded to the trial court, which is ordered to fix the amount of security to be furnished by the parties who sought the preliminary injunction.
AFFIRMED, AS AMENDED; REMANDED WITH ORDER.
FITZSIMMONS, J., dissents with reasons.
FITZSIMMONS, Judge, dissenting.
I am unable to concur in the opinion of the court for the following reasons. I find no showing whatsoever that the French proceedings affect the rights of the plaintiffs here. The plaintiffs were named in such a manner in the French proceedings, that any judgment taken there would not be enforceable against them. The majority seizes on *1322 language in Bell, where we previously determined that irreparable injury need not be shown when an injunction is sought to enjoin a declaratory judgment suit filed subsequent to the initial lawsuit (a situation similar to that before this Court at present). I note that in Bell, the action filed in the second forum involved not only the same parties, but issues identical to those being litigated in the first forum. We do not have that here.
The French proceeding involves an indemnity claim. Further, the claim is being litigated pursuant to a contractual agreement selecting the forum for such recovery. The indemnity claim does not affect the plaintiff's ability to litigate its present claim for personal injuries. Furthermore, a challenge to the French proceedings based on prematurity should be brought in the French court, and not here.
Finally, I find that the injunction should be set aside, rather than remanded for the posting of security. In High Plains, the court's decision to remand, rather than to disturb the issuance of the injunction, is based on the premise that the "right to an injunction seems beyond question." 640 So.2d at 615. Plaintiffs' right to an injunction in this case is not quite so clear.
Accordingly, I respectfully dissent. I would reverse the holding of the trial court and set aside the injunctions.