| | | |
|---|---|---|
| KAREN BROWN, INDIVIDUALLY AND ON BEHALF OF 3705 IBERVILLE, L.L.C. | * | NO. 2019-CA-0119 |
| | * | COURT OF APPEAL |
| | * | |
| VERSUS | * | FOURTH CIRCUIT |
| | * | |
| STEVEN L. SEEBER AND 3705 IBERVILLE, L.L.C. | * * * * * * * | STATE OF LOUISIANA |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-09885, DIVISION "B-1"
Honorable Rachael Johnson,
* * * * * *
**JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *

(Court composed of Chief Judge James F. McKay III, Judge Terri F. Love, Judge Edwin A. Lombard,  Judge Rosemary Ledet, Judge Sandra C. Jenkins)

**LOVE, J., DISSENTS**
**LEDET, J., DISSENTS WITH REASONS**

MATTHEW P. CHENEVERT
ATTORNEY AT LAW
3043 Elmwood Park Drive
New Orleans, Louisiana 70114
      -and-
DESIREE M. CHARBONNET
LAW OFFICE OF DESIREE M. CHARBONNET
3114 Canal Street
New Orleans, Louisiana 70119
      COUNSEL FOR PLAINTIFFS/APPELLEES


STEPHEN M. WILES
THE LAW OFFICES OF STEPHEN M. WILES, L.L.C.
920 Poeyfarre St., Apt. 163
New Orleans, Louisiana 70130
      COUNSEL FOR DEFENDANTS/APPELLANTS, STEVEN L. SEEBER
      AND 3705 IBERVILLE, L.L.C.

DAVID O'QUINN
EDWARD W. TRAPOLIN
ALEX ROBERTSON
CHRIS WHELEN
IRWIN FRICHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
        -and-
BRIAN G. BIRDSALL
BRIAN G. BIRDSALL, LLC
918 Poydras Street, 2nd Floor
New Orleans, Louisiana 70112
        COUNSEL FOR DEFENDANT/APPELLANT, STEVEN L. SEEBER


                    **REVERSED AND VACATED**



                        **AUGUST 14, 2019**

The defendant, Steven L. Seeber ("Seeber"), devolutively appeals the trial court's October 24, 2018 judgment granting the request for a preliminary injunction filed by the plaintiff, Karen Brown ("Brown"). After a review of the record before this Court, we find that the trial court erred in granting the preliminary injunction. Therefore, we reverse the trial court's ruling and vacate the issuance of the preliminary injunction.

**FACTS AND PROCEDURAL HISTORY**

On October 2, 2018, Brown on behalf of herself and 3705 Iberville, L.L.C. ("3705 Iberville")[1], filed a Petition for Accounting and Dissolution and Derivative Claim for Mismanagement, Conversion, Ultra Vires Acts, Appointment of Receiver, Injunctive and Other Relief against Seeber and 3705 Iberville, which owned and operated The Blind Pelican Restaurant and Bar ("Blind Pelican") located at 1628 St. Charles Avenue, in New Orleans, Louisiana. Seeber and

---

[1] On April 1, 2010, the Articles of Organization and Limited Liability Company Initial Report for 3705Iberville was filed with the Louisiana Secretary of State. The two parties named on the L.L.C., Steven L. Seeber and Karen Brown, are listed without a specific designation as member or manager.

1

Brown are co-owners of 3705 Iberville. On the same day the petition was filed, the trial court, in consideration of Brown's petition, issued a Temporary Restraining Order ("TRO") against Seeber and named a receiver, Joseph S. Bikulege, to take over the financial and business operations of the Blind Pelican.

Additionally, on October, 2, 2018, relative to the request for a TRO, Brown's counsel filed a certification, pursuant to La. C.C.P art 3603(A)(2), as follows :

> I HEREBY CERTIFIY that a review of the facts and the law in the captioned matter indicates that prior notice of this request for a temporary restraining order increases the risk of irreparable injury to the petitioners. As can be seen from a review of the petition, the company at issue is being managed by a person who is consistently under the influence of alcohol; is managing without the authority of the company or any operating agreement; has effectively excluded a co-equal owner from all information and management authority regarding the company's affairs; is wasting and alienating company assets at an alarming rate; and is hiding cash belonging to the company in a secret location to which only he has access. A critical part of the relief requested in the inventory and custodial hold of the cash pending further court orders. Petitioner believes that if defendant is notified in advance of this request, he will remove the cash from its current hiding place, which is known to Karen Brown, and place it out of the reach of company and the court so that the value of the loss will never be known or acknowledged.

On October, 2, 2018, the trial court issued a TRO, which provided as follows:

> a. A temporary restraining order is hereby issued prohibiting Seeber from representing himself to anyone as the managing member of the company;
> b. A temporary restraining order is hereby issued prohibiting Seeber, or anyone acting on his behalf, from destroying any company records or property;
> c. A temporary restraining order is hereby issued prohibiting Seeber, or anyone acting on his behalf, from alienating, leasing, encumbering, concealing or removing any company

assets from the company's principal place of business at 1628 St. Charles Avenue, New Orleans, Louisiana or wherever they may be found.

    d. The Court hereby appoints Joseph Bitech[sic] as receiver to manage the business until it can be judicially dissolved and the assets sold[2];

    e. The Court hereby denies Brown from taking immediate control and management of the company, but grants an order allowing Brown immediate access to all computers in the Blind Pelican or elsewhere that contain data regarding the company's financial conditions and transactions which includes the right to preserve and /or copy all pertinent business information.

    f. The Court hereby orders the Sheriff for the Parish of Orleans to immediately take custody of the cash and all contents of the repository in which Seeber has stored the company assets.

    g. It is ordered that the Sheriff of Orleans Parish or Attorney Desiree Charbonnet inventory all the assets described in the immediately preceding paragraph and to deposit the cash in one or more appropriate financial institutions to preserve it until further orders of the court provide for its disposition;

    h. It is ordered that Seeber provide the court's appointed representative accompanied by an Orleans Parish Sheriff access to the repository, which will be identified and pointed and located by Brown; and

    i. If Seeber refuses to provide access to the repository, the Court orders the Orleans Parish Sheriff or Attorney Desiree Charbonnet authority to contact a locksmith or remove the entire receptacle and to secure it at an off-site location to preserve its contents.

    j. It is ordered that the defendant, Steven Seeber show cause on the 15th day of October 2018 at 1:00 pm why the temporary restraining order issued herein should not be converted to a preliminary injunction to the same effect.

Also, on that same day, the Clerk of Court issued the TRO as follows:

Now, therefore, in consideration of the premises and of the allegations in said **PETITION** contained, you, the said **SEEBER, STEVEN**, your agents, attorneys, and servants and each of you are hereby commanded and strictly enjoined under penalty of law, that you and each of you absolutely refrain and desist from **REPRESENTING HIMSELF TO ANYONE AS THE MANAGING MEMBER OF THE COMPANY, PROHIBITING SEEBER, OR ANYONE ACTING ON HIS BEHALF FROM**

---

[2] On October 9, 2018, the order was amended to correct the misspelling the receiver's name to reflect the proper spelling, Joseph S. Bikulege.

**DESTROYING ANY COMPANY RECORDS OR PROPERTY, PROHIBITING SEEBER, OR ANYONE ACTING ON HIS BEHALF FROM ALIENATING, LEASING, ENCUMBERING, CONCEALING OR REMOVING ANY COMPANY ASSETS FROM THE COMPANY'S PRINCIPAL PLACE OF BUSINESS AT 1628 St. Charles Avenue, New Orleans.** And that you **SEEBER, STEVEN,** your agents, attorneys, and servants and each of you remain so inhibited and restrained until the further order of our said Court in the premises.

On October 8, 2018, Seeber filed a Motion for Relief From or To Rescind Temporary Restraining Order and/or Order of Receivership and/or in the Alternative Motion to Modify Existing Temporary Restraining Order, and supporting memorandum. This motion was denied.

On October 9, 2018, the trial court signed a consent judgment correcting the receiver's name to reflect the name Joseph S. Bikulege; ordering that Chase Bank and other banking institutions, holding funds on behalf of 3705 Iberville, relative to the Blind Pelican, grant the receiver full authority to access the account, full authority to manage the business which included making deposits, withdrawals, payment of all invoices, and employee payroll, and access to security system until October 15, 2018, and to remove the hold on accounts to allow the business to continue to operate.[3]

On October 23, 2018, Seeber filed a Memorandum in Opposition to Confirmation of Preliminary Injunction and/or Motion to Rescind Temporary Restraining Order and/or Order of Receivership and/or in the Alternative Motion to Modify Existing Temporary Restraining Order.

On October 24, 2018, the parties entered into a consent agreement providing that the matter be submitted on affidavits and verified pleadings pursuant to La.

---

[3] On October 19, 2018, this consent judgment was extended until October 24, 2018.

C.C.P.art. 3609.  That same day the trial court rendered judgment granting a preliminary injunction against Seber.

On November 2, 1018, Seeber filed a Motion for Devolutive Appeal which is the subject of this present appeal.[4]

**ASSIGNMENT OF ERROR**

The appellant raises one assignment of error asserting that the trial court erred in granting appellee's request for a preliminary injunction as appellee failed to make a showing of irreparable injury.

**STANDARD OF REVIEW**

Our standard of review of a trial court's decision whether to grant a preliminary injunction was recently set forth by this Court as follows:

> Trial courts have great discretion in deciding whether to grant or deny a preliminary injunction, and we will not disturb their ruling absent a clear abuse of discretion. Of course, this standard is based on the conclusion that the trial court committed no error of law and was not manifestly erroneous in making a factual finding that was necessary to the proper exercise of its discretion. Where one or more legal errors interdict the trial court's fact-finding process, the abuse of discretion standard becomes inapplicable, and we conduct our own *de novo* review of the record. (citations omitted)

*Easterling v. Estate of Miller*, 2014-1354, p. 6 (La. App. 4 Cir. 12/23/15) 184 So.3d 222, 226 (internal citations omitted).

**DISCUSSION**

Seeber is seeking a reversal of the trial court's October 24, 2018 issuance of a preliminary injunction against him.  Seeber argues that the trial court erred as

---

[4] Also on this day Seeber filed an Answer, Affirmative Defenses, and Reconventional Demand to Brown's October 2, 2018, Petition for Accounting and Dissolution and Derivative Claim for Mismanagement, Conversion, Ultra Vires Acts, Appointment of Receiver, Injunctive and Other Relief which are still before the trial court.

Brown failed to prove irreparable injury essentially because the relief sought is primarily monetary damages.

On October 8, 2018, in response to the trial court's October 2, 2018, issuance of a TRO, Seeber filed a Motion for Relief From or to Rescind Temporary Restraining Order and/or Order of Receivership and/or in the Alternative Motion to Modify Existing Temporary Restraining Order, and supporting memorandum. Seeber asserted that the above noted restraining order was enforced against him on the afternoon of October 2, 2019, when Brown, her attorney and six Orleans Parish Sheriff Officers performed a "raid" on the premises of the Blind Pelican, akin to an invasion, a drug bust and/or a hostile takeover of the premises. Pursuant to the TRO, Seeber was removed from the premises and the court appointed receiver, Bikulege, was put in place to operate the business/the Blind Pelican. Seeber essentially argued that the TRO caused irreparable harm to himself, the business and Brown as the business has never been able to reopen resulting in the loss of the business, loss of jobs for over thirty- five employees and enjoyment to customers. Furthermore, because the business was forced to close during its most profitable season (football), this timing of the issuance of the TRO added to the irreparable damages. Seeber maintained that the TRO was granted *ex parte* without any discussion or input from him, without affidavits, attached business records or witness testimony to confirm or corroborate Brown's self-serving petition and verification. He further asserted that over the last seven years of the business, Brown assisted him in running the business without complaints, complications or allegations of mismanagement until their personal relationship ended. He refers to it as "revenge and or/retribution for a failed personal relationship."

On October 23, 2018, Seeber filed a Memorandum in Opposition to Confirmation of Preliminary Injunction and/or Motion to Rescind Temporary Restraining Order and/or Order of Receivership and/or in the Alternative Motion to Modify Existing Temporary Restraining Order. Seeber, in essence, reurged his argument that the TRO was improvidently granted.

Seeber also argued that La. C.C.P. art. 3610 requires security in an amount fixed by the court be posted before the court issues a TRO; it provides "[a] temporary restraining order or preliminary injunction shall not issue unless applicant furnishes the security in the amount fixed by the court, except where security is dispensed by law. " Seeber claims that the trial court never fixed bond and/or security in this case and that the record does not indicate if, or how much, of a security bond was posted by the plaintiff. He asserts that the trial court should therefore vacate and set aside the TRO and not issue the preliminary injunction against him.

As stated in Frank L. Maraist, 1A *Louisiana Civil Law Treatise: Civil Procedure–Special Proceedings,* § 1.2, n. 35 (2005):

> The jurisprudence provides for optional remedies when a preliminary injunction is issued without security. The appellate court may either set aside the preliminary injunction or remand the matter to the trial court for the fixing of security. *High Plains Fuel Corp. v. Carto Intern. Trading, Inc.,* 640 So.2d 609 (1st Cir.1994); *Stuart v. Haughton High School,* 614 So.2d 804 (2d Cir.1993) and the cases cited therein. In cases where the plaintiff's right to an injunction seems beyond question, courts have remanded for the posting of bond *id.*; *Liberty Bank & Trust Co. v. Dapremont,* 844 So.2d 877 (4th Cir.2003) (plaintiff was clearly entitled to injunction with bond; however, the trial judge did not require security. *Held,* on appeal, the court should not dissolve the injunction, but should remand to the trial court to fix the amount of the bond). *Bonomolo v. HMC Management Corp.,* 477 So.2d 780 (4th Cir.1985). The "interests of justice and judicial economy" have also been cited by courts that have chosen to remand

7

rather than set aside the injunction. *See, e.g., Hernandez v. Star Master Shipping Corp.,* 653 So.2d 1318 (1st Cir.1995).

Based on a review of the record, the trial court did not initially fix a security amount for Brown to post in the court's registry. Ultimately, on October 29, 2018, after the preliminary injunction was granted, the trial court issued an order requiring Brown to post security in the registry of the court in the amount of $50,000.00, which Brown did. No useful purpose would be served by dissolving the injunction for a lack of security being posted prior to the issuance of the preliminary injunction. The party enjoined has effectively been protected as if it had been set and posted initially. Therefore, there is no basis for this Court to set aside the preliminary injunction or to remand the matter to the trial court. It is simply a non-issue for purposes of this appeal.

Seeber also contends that the purpose of a temporary restraining order and/or preliminary injunction is to prevent the moving party from experiencing irreparable harm or injury. He argues that irreparable harm means that the applicant cannot be adequately compensated in money damages for his or her injury or suffers injuries which cannot be adequately measured by pecuniary standards. This argument is based on the assertion that Brown is primarily seeking monetary damages that are pecuniary in nature as they hinge on allegations of mismanagement, conversion of funds, siphoning of cash, alleged purchases of personal items with company funds, lawsuits against the company seeking money damages, and non-payment of taxes. Therefore, the TRO and the preliminary injunction were thus not warranted.

In support of this argument Seeber asserts that in business dispute cases such as the case *sub judice*, Louisiana courts have found that the party moving for a

preliminary injunction failed to show irreparable harm as those claims can be compensated with monetary damages.

In an unpublished opinion from this Court, *Boswell v. Lawrence*, 2015-0563 (La. App. 4 Cir. 12/23/15, 2015), ____So. 3d_____, _____, WL 9589589, *1-2, we held that a preliminary injunction was properly denied in a case involving a dispute over the improper use of company funds. In that case, one member of the limited liability company sued the other for allegedly converting company funds. The trial court had in fact granted a temporary restraining order, but denied the plaintiff's request for preliminary injunction because the plaintiff failed to prove irreparable injury. On appeal, the appellant argued that he was entitled to a preliminary injunction without a showing of irreparable injury because the conduct he sought to enjoin was unlawful. "Mr. Boswell's petition states that [a]s manager of the company, [Mr. Lawrence] has implied authority to transfer and liquidate all assets of the company, causing irreparable harm and loss to Plaintiff". This Court affirmed the trial court's decision because the appellant failed to prove any injury that could not be compensated by money damages.

In *Harvey v. State*, 2014-1053, p.22 (La. App. 4 Cir. 12/16/15), 183 So.3d 684, 701, the Court declined to find irreparable injury in a loss of a business license or business reputation as the damages caused by a revocation of an alcohol permit was susceptible to monetary compensation. In *Two Canal St. Inv'rs, Inc. v. New Orleans Bldg. Corp.*, 2015-0924 , p.14 (La. App. 4 Cir. 4/20/16), 193 So.3d 278, 287-88, a case involving an unsuccessful bidder in a public lease matter, where the bidder was denied injunctive relief for failure to demonstrate irreparable harm, this Court found that loss of business reputation is compensable by damages, therefore, it is not a harm properly addressed through injunctive relief. *See also*,

9

*Ellis Const., v. Vieux Carre Resort Properties, L.L.C.*, 2005-1109, p. 9-10 (La. App 4 Cir. 6/7/06) 934 So.2d 206, 213.  In a somewhat different vein, in *Guilbeaux v. Guilbeaux*, 2008-17, p. 8 (La. App. 3 Cir. 4/30/08), 981 So.2d 913, the plaintiff was seeking a petition for accounting, money judgment and injunction, against the defendant.  The matter soon morphed into the plaintiff filing a petition for temporary restraining order, preliminary and permanent injunction against the defendant.  Ultimately, the trial court following applicable law and jurisprudence, concluded that the plaintiffs could seek monetary damages and criminal recourse.  The trial court found the plaintiffs' claim to be without merit.  *See*.  La. C.C. P. art. 3601.  On appellate review the trial court's denial of the preliminary injunction was affirmed.  *Id*. at 918.

In Brown's October 2, 2018 petition, a Petition for Accounting, and Dissolution and Derivative Claim for Mismanagement, Conversion, Ultra Vires Acts, Appointment of Receiver, Injunctive and Other Relief against Seeber and 3705 Iberville, she asserted a multiplicity of allegations and accusations that caused her to seek immediate legal recourse in the form of a request for a TRO.  We synopsize Brown's assertions as follows.  On March 1, 2010, 3705 Iberville was formed with the primary business being The Blind Pelican, which Brown and Seeber owned in equal portions.  Seven years later, on or about April 1, 2017, Seeber named himself managing member and formalized it with the Secretary of State.  During the lifetime of the company, Seeber undertook to manage all aspects of the Blind Pelican's finances and maintenance.  Brown accuses Seeber of financial reckless behavior with the company's funds including, making large, risky and unproductive purchases, many for personal use, without accounting to the company.  The reckless behavior resulted in costly litigation against the

10

company.  Seeber also failed to pay tax obligations, sustaining hundreds of thousands of dollars in fines and penalties from both the State of Louisiana and the United States.  In July of 2017, Brown, ended her personal relationship with Seeber, left their mutual residence, which was on the upstairs floor of the Blind Pelican, and terminated her employment with the company (the record does not illuminate what was her employment position at The Blind Pelican).  As a result of Brown's actions, Seeber further excluded her from the financial affairs of the company including revoking her signature ability on the company's bank accounts and terminating any payments to her for her portion of the company for over eight months.  Brown alleged that to thwart her interest in selling her portion of the company, Seeber denied inspectors and appraisers access to the building.  Seeber also refused to provide access to the company's computer containing financial data.  Brown asserted a variety of accusations that Seeber's actions damaged the company, greatly diminished her interest, and denied her benefits of her equal ownership in the company.

"A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties, pending trial on the merits." *Desire Narcotics Rehab. Inc. v. State Dep't of Health & Hosps.*, 2007-0390, p.4 (La. App. 4 Cir 10/17/07), 970 So.2d 17, 20.  An injunction is a "harsh, drastic remedy that should only issue where the petitioner is threatened with irreparable harm and has no adequate remedy at law." *MST Enterprises Co. v. City of New Orleans*, 2015-0112, p.5 (La. App. 4 Cir. 7/29/15), 174 So.3d 195, 198. "Irreparable injury is an injury or loss that cannot be adequately compensated in money damages, or is not susceptible to measurement by pecuniary standards." *Easterling*, 2014-1354, p. 11, 184 So.2d at 229 (citing *Smith v. Brumfield*, 2013-

11

1171, p.7 (La. App. 4 Cir. 1/15/14), 133 So.3d 70, 75). "To obtain a preliminary injunction, the petitioner must establish by *prima facie* evidence that: (1) it will suffer irreparable injury, loss, or damage if the motion for preliminary injunction is not granted and (2) it is entitled to the relief sought through at least a showing that it will likely prevail on the merits of the case." *Easterling*, 2014-1354, pp.10-11, 184 So.2d at 228. Additionally, the petitioning party must show that money damages cannot adequately compensate for the injuries suffered and the injuries cannot be measured by pecuniary standards. *Saunders v. Stafford*, 2005-0205, p.6 (La. App 4 Cir. 1/11/06), 923 So.2d 751, 754.

The record before this Court is insufficient to sustain the preliminary injunction. The record is scant and consists of unverifiable affidavits, competing affidavits primarily from former employees that were self-serving and irrelevant. There is inadequate evidence to show substantiated accountings of assets or listing of inventories as ordered by the trial court in the TRO. The deficient and unsupportable evidence offered by either Brown or Seeber is largely just accusation and innuendo.

This issuance of the preliminary injunction has conceivably further exacerbated an already untenable situation and clearly added to the ultimate demise of this limited liability corporation, which ended the operation of an existing business, The Blind Pelican. As a preliminary injunction is interlocutory in nature, both Brown and Seeber have and may seek a legal remedy in an ordinary proceeding in which competent evidence and argument can be presented at a trial on the merits where monetary damages, if any, can be established. While Brown may have made an adequate showing for the issuance of the TRO, she failed to make a viable showing that she has sustained irreparable harm or that she can

12

succeed on the merits of her claim.  Brown has failed to demonstrate through competent evidence that she would sustain an irreparable injury should the preliminary injunction not be issued.

Based on the above and forgoing and applicable jurisprudence, we reverse the ruling of the trial court and vacate the issuance of the preliminary injunction.

**REVERSED AND VACATED**